Ernest **GARDNER**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 45S00–8601–CR–19.

Supreme Court of Indiana.

Nov. 19, 1987.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

In this direct appeal, defendant Ernest A. Gardner challenges his conviction following jury trial of dealing in a narcotic drug, a class B felony. He raises two issues: 1) chain of custody, and 2) sufficiency of identification evidence.

Defendant first contends that the trial court erred in admitting State Exhibit 2, a plastic bag containing heroin, because of an inadequate chain of custody or other foundation.

To establish a proper chain of custody, the State need only present evidence that strongly suggests the exact whereabouts of the evidence at all times. Where the evidence has passed through various hands, the State need not exclude all possibility of tampering, but rather must provide reasonable assurance that the evidence remained in an undisturbed condition. *Simmons v. State* (1987), Ind., 504 N.E.2d 575; *Sons v. State* (1987), Ind., 502 N.E.2d 1331. An argument which merely raises the possibility of tampering with the evidence is without merit. *Russell v. State* (1986), Ind., 489 N.E.2d 955.

State's exhibit 2 contained the substance which Officer McKinney purchased from the defendant during the undercover operation. Officer McKinney transported the substance to the Gary Police Department immediately after the purchase. There, he placed the substance, along with a property receipt, inside a sealed plastic bag, initialed the bag, and placed it in a secure property locker, where it was transferred to the department property room the following day. On October 26, 1984, he checked the sealed bag out of the property room and transported it to the State Police laboratory in Lowell, Indiana, for analysis. Susan Netsch, a forensic chemist for the Indiana State Police, testified that evidence received by the laboratory is held in an evidence vault until analyzed by a chemist. After analysis, the evidence is returned to the vault. Netsch analyzed the substance in the sealed bag and found it to contain heroin. She identified the bag by her initials on the outside of the bag. On November 15, 1984, Officer McKinney retrieved the sealed bag from the laboratory and returned it to the Gary Police Department property room, where the clerk checked it in. Both Officer McKinney and Netsch testified that apart from the changes resulting from the testing, the evidence was without substantial change. The evidence

provided a sufficient chain of custody to serve as foundation for the admission of the exhibit in evidence.

We find no merit in defendant's next argument that the identification evidence was insufficient. Officer McKinney testified that he purchased drugs from a man with whom he had spent several minutes in a well-lighted area. He identified this man as the defendant. In addition, defendant was further identified by another officer who participated in the undercover operation, and who had previously known the defendant.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.