**Geoffrey R. WILLIS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 39A04–8712–CR–370.

Court of Appeals of Indiana,
Fourth District.

Sept. 19, 1988.

Daniel E. Moore, Doehrman, Lewis & Moore, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Geoffrey R. Willis (Willis) appeals after jury convictions for conspiracy, IND.CODE 35–41–5–2; and dealing in schedule I, II, III controlled substances, IND.CODE 35–48–4–2(1). Each is a class B felony.

We reverse.

Willis asserts five issues. Because we reverse, we address only the issue of whether a proper chain of custody and foundation was laid for admission of State's exhibits 1, 2, and 3.

Indiana State Police undercover investigator David L. Motsinger asked Willis to sell "tuinals" to him. On April 11, 1984, Willis took Motsinger to the home of Karen O'Neill. There Motsinger purchased from Willis two capsules for $5. Willis got them from O'Neill. (R. 192–207). Motsinger wore a transmitter during the transaction. (R. 187).

Willis was charged with conspiracy to commit a felony with Karen O'Neill, R:1, exhibit B; and with knowingly delivering schedule III controlled substances, Amobarbital and Secobarbital. (R. 31).

During Motsinger's testimony, State's exhibits 1, 2, and 3 were admitted over Willis's objections as to chain of custody and his argument State's exhibit 1 was not relevant because there was no showing it held a controlled substance. (R. 253–254). The objections are not models of clarity.

The record says State's exhibit 1 is an evidence bag containing two capsules without contents. (R. 207–208). State's exhibit 2 is a photocopy of the police property record and receipt. (R. 210). State's exhibit 3 is a laboratory report showing the capsules contained Amobarbital and Secobarbital. (R. 254A).

When the State first moved its exhibits 1 and 2 into evidence the State asked the court "to take the ruling on that matter under advisement until the depositions have been placed into evidence." (R. 214). A hearing was had outside the presence of the jury. (R. 249–253). The hearing discussed objections to particular deposition testimony. *Id.* After the hearing State's exhibit 1, 2, and 3 were admitted.

During no part of the proceedings were any depositions published and admitted into evidence.

Willis contends the State failed to show a proper chain of custody and failed to lay an adequate foundation for its exhibits 1, 2, and 3. Willis asserts the court wrongly relied upon unpublished depositions to establish a basis for State's exhibits 1, 2, and 3. Willis asserts the relevance of State's exhibit 2 was not shown.

The State argues it was required only to present evidence strongly suggesting the whereabouts of the evidence at all times. The State opines Motsinger's testimony and State's exhibit 2 do that. The State argues Willis failed to object to the introduction of State's exhibits 2 and 3 and has waived any error about their admission.

The State argues Willis did not object to lack of publication of depositions "leading one to conclude ... the safeguards of publication were met."

The State moved to publish depositions of Charles Mead and Robert Read. (R. 295). The court issued no oral or written order of publication and the depositions are not in the record.

It requires no citation to authority to note the State bears the burden of proving each element of a charged criminal offense. In this case, Willis was charged with selling a schedule III substance and with conspiracy to deal in the substance. It was necessary for the State to prove what substance was sold to Officer Motsinger.

■ Although Willis's arguments objecting to introduction of these exhibits was minimal and was not a model of clarity it was sufficient to preserve error. Willis argued:

> My objection is that there has not been an adequate chain of custody shown, there is no testimony as to the time that Mr. Huttsell may have had possession of these substances, number one. Number two is based on irrelevancy as to Exhibit 1 and Exhibit 1 in particular, Your Honor, there is testimony that there is a chemical breakdown that this particular witness cannot identify in terms of time periods. He was asked at page 55, if there was a chemical breakdown, would that effect his results? He said, "That depends." Your Honor, in terms of relevancy again they are irrelevant, they are not a controlled substance, there's nothing in those capsules.

(R. 254). In addition, Willis's motion to correct error argued "chain of custody foundational requirements were not shown where the depositions of possessors were not introduced into evidence." (R. 8–23 at 14). His specification of error numbered 5 argued, inter alia, exhibit 1 contained nothing but empty capsules. (R. 19).

State's exhibit 3 identifies two capsules submitted for analysis. It identifies them as Amobarbital and Secobarbital. We note those substances are listed as schedule II and schedule III substances in IND.CODE 35–48–2–6(d) and IND.CODE 35–48–2–8(c). Willis correctly, but inexpertly, argues the State failed to lay a proper foundation for admission into evidence of State's exhibit 3. Willis concentrates his argument on breaks in the evidence chain of the capsules.

■ The State argues the depositions laid the proper foundation for admission of State's exhibit 3. As noted, those depositions are not part of the record and may not be considered by this court. *Hales and Hunter Co. v. Norfolk and Western Railway Co.* (1981), Ind., 428 N.E.2d 1225, 1227. Our Supreme Court has made it perfectly clear depositions must be published and made part of the record before they may be considered by this court or the trial court for any purpose. *Id.; Augustine v. First Federal Savings & Loan Association* (1979), 270 Ind. 238, 384 N.E.2d 1018.

■ The burden is upon the State to show by records or testimony the continuous whereabouts of the exhibit. *Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652. The State also bears the burden of proving the substance sold is a schedule I, II or III drug. The State must prove, as an essential element of a drug related offense, the substance involved is a proscribed drug within the applicable statutory definition. *White v. State* (1974), 161 Ind.App. 568, 316 N.E.2d 699. Unsubstantiated hearsay evidence by one not shown to be an expert or to have had experience with drugs is not sufficient to sustain a conviction. Where drugs are not in evidence and there is no expert testimony based on chemical analysis, there must be testimony by someone sufficiently experienced with drugs to indicate it is a dangerous substance. *Slettvet v. State* (1972), 258 Ind. 312, 280 N.E.2d 806.

The purpose of establishing chain of custody is to show a complete chain of possession from the original receiver to the final custodian, thus connecting the evidence in question with the accused. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 898. (Citations omitted). To establish a proper chain of custody, the State need only present evidence strongly suggesting the

exact whereabouts of the evidence at all times. Where the evidence has passed through various hands, the State need not exclude all possibility of tampering, but must provide reasonable assurance the evidence remained in an undisturbed condition. *Gardner v. State* (1987), Ind., 514 N.E.2d 1261, 1262 (citations omitted). Where, as in the case of seized or purchased narcotics, the object offered in evidence has passed out of possession of the original receiver and into the possession of others, a chain of possession must be established to avoid any claim of substitution, tampering or mistake, and failure to submit such proof may result in exclusion of the evidence or testimony as to its characteristics. Where such evidence or testimony is improperly introduced and is prejudicial to the party against whom it is directed, the judgment of the trial court should be reversed. *Graham v. State* (1970), 253 Ind. 525, 533, 255 N.E.2d 652, 656. This is a foundational requirement which must be laid to connect the evidence with the defendant before an exhibit, testimony or report of an expert can be introduced. *Graham*, 253 Ind. at 531, 255 N.E.2d at 654. See generally, Miller, *Indiana Evidence* § 901.102 (1984).

■ In this case the State utterly failed to establish on the record a proper chain of custody.

Officer Motsinger testified he placed the two capsules purchased from Willis into the evidence bag marked State's exhibit 1 (R. 209), and gave them to police technician Charlie Meade requesting analysis. (R. 207–20, 214). Motsinger identified State's exhibit 2 (R. 210) as the police property record. He identified the entries at the bottom of the form as signatures showing who had the capsules and when they had them. (R. 211). Motsinger testified when the bag was returned to him it had been opened, another evidence seal bearing initials "RWR" had been placed upon it, and the capsules were empty. (R. 212–213). The record is devoid of any testimony by anyone who had or could have had the capsules between the time Motsinger gave them to Meade and the time Motsinger

received them from him. Motsinger's testimony is the only evidence about chain of custody. It shows only (1) he purchased two capsules from Willis and gave them to Meade for analysis and (2) when the capsules were returned they had nothing in them. Rather than exclude the possibility of tampering, loss, substitution, or mistake, *Arnold v. State* (1982), Ind., 436 N.E.2d 288, 291, the evidence presented by the State shows the capsules were tampered with.

■ More importantly, the evidence fails to identify the capsules as a schedule I, II, or III substance.

The record is absolutely devoid of any evidence the person who prepared State's exhibit 3 was an expert qualified to conduct chemical analysis of the pills. Absent this necessary foundation for admission of the test results, State's exhibit 3 was not properly before the court and the jury. Without it there is no evidence before the court showing the content of the capsules. We note in addition, there was no testimony or other evidence defining Motsinger's name for the drug, "tuinal", as an illegal substance. In short, there is no evidence properly in the record proving the nature of the substance sold.

Because there was no evidence properly before the jury identifying the substance sold as a proscribed substance we must reverse. Cf. *McFadin v. State* (1986), Ind. App., 494 N.E.2d 983 (evidence of identity insufficient to sustain convictions for leaving scene of accident involving property damage and injury).

REVERSED.

MILLER, J., concurs.

STATON, J., concurs in result.