**Donald E. HALL, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A02–9002–CR–114 [1].

Court of Appeals of Indiana, First District.

July 26, 1990.

1. This case was diverted to this office by order of the Chief Judge.

**4**

John C. Wood, Howard County Public Defender, Kokomo, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Donald E. Hall appeals from a conviction for Dealing in Cocaine or Narcotic Drug[2], a Class B felony. We affirm.

## FACTS

In Spring 1988, the Office of Special Investigations (OSI) asked Arthur Biles and Darryl Ivery, Air Force personnel, if they would be undercover agents to assist the Kokomo Police Department in drug investigations. Biles and Ivery decided to participate.

On May 13, 1988, Biles and Ivery met with an OSI agent and Kokomo police officers to prepare for a controlled buy of cocaine. The police placed a body transmitter on Biles. Biles and Ivery drove to a few areas in Kokomo. At the Shirley Lounge, Hall met Biles and told him he could get him anything he wanted. Biles replied he wanted a "sixteenth" or an "eight ball". Record at 84. Biles gave him sixty dollars ($60.00) to purchase one-half gram of cocaine. Hall walked to his sister's car across the street and returned with the cocaine. Biles negotiated to buy two more bags of cocaine for one-hundred ten dollars ($110.00). After the purchase, Hall left in his sister's white Ford Escort,

of which Biles read the license plate number.

Biles and Ivery were compensated for their work in the undercover operation. After they identified Hall in a photograph display, a warrant was issued for Hall's arrest. An information was filed against Hall for dealing in cocaine. At the October 26, 1989 trial, the court found Hall guilty as charged.

## ISSUES

1. Whether the Federal Posse Comitatus Act[3] was violated, and the trial court erred in allowing the admission of testimony of military personnel.

2. Whether the State failed to present a prima facie case against Hall.

## DISCUSSION AND DECISION

*Issue One*

 Hall contends Biles' and Ivery's involvement in the undercover drug investigation in Kokomo violated the Federal Posse Comitatus Act (Act). This question has not been addressed previously in Indiana. Hall cites cases from other jurisdictions which exclude military testimony if the Act has been violated. *Lee v. Florida* (1968), 392 U.S. 378, 88 S.Ct. 2096, 20 L.E.2d 1166; *Gillars v. United States* (D.C.Cir.1950), 182 F.2d 962; *People v. Burden* (1980), 94 Mich.App. 209, 288 N.W.2d 392. We note Hall relies heavily on *Burden*. The Michigan Supreme Court reversed *Burden* in 1981[4]; therefore, Hall's reliance on the Michigan Court of Appeals' reasoning is misplaced.

The State presents cases from jurisdictions which are contrary to Hall's position. *United States v. McArthur* (N.D.N.D. 1975), 419 F.Supp. 186, *aff'd* (8th Cir.1976), 541 F.2d 1275, *cert. denied* (1977), 430 U.S. 970, 97 S.Ct. 1654, 52 L.Ed.2d 362; *United States v. Bacon* (11th Cir.1988), 851 F.2d 1312; *People v. Wells* (1985), 175 Cal. App.3d 876, 221 Cal.Rptr. 273. We believe

---

**2.** IND.CODE § 35–48–4–1(a)(1).

**3.** 18 U.S.C. § 1385 (1976).

**4.** *People v. Burden* (1981), 411 Mich. 56, 303 N.W.2d 444.

the State presents the better interpretation of the Act and the correct application to this situation.

The Act provides:

"Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000.00 or imprisoned not more than two years, or both."

18 U.S.C. § 1385. Several foreign courts have examined the historical context of the Act and found the Act prohibits the exercise of military power that is "regulatory, proscriptive, or compulsory in nature." *McArthur*, 419 F.Supp. at 194; *see United States v. Allred* (5th Cir.1989), 867 F.2d 856, 870–71; *United States v. Stouder* (M.D.Ga.1989), 724 F.Supp. 951, 953; *United States v. Yunis* (D.D.C.1988), 681 F.Supp. 891, 892; *State v. Short* (1989), 113 Wash.2d 35, 775 P.2d 458, 459; *City of Airway Heights v. Dilley* (1986), 45 Wash. App. 87, 724 P.2d 407, 409.

Adopting the standard in *McArthur*, we do not find that the acts of Biles and Ivery display the unauthorized exercise of military power that is "regulatory, proscriptive, or compulsory" in nature. Biles and Ivery acted as undercover agents to assist the Kokomo police. We do not believe the Legislature intended the Act to prohibit this type of use of military personnel by civil law enforcement authorities. We find Biles' and Ivery's participation in the undercover operation did not violate the Act, and therefore, the trial court properly admitted their testimony.

*Issue Two*

█ Hall argues the State failed to present evidence that cocaine is a Schedule II substance.[5] The statute reads: "A person who: knowingly or intentionally manufacturers or delivers cocaine or a narcotic drug, pure or adulterated, classified in Schedule I or II; … commits dealing in

cocaine or a narcotic drug, a class B felony[.]" I.C. § 35–48–4–1. Hall contends "classified in Schedule I or II" is one element of the offense, and the failure to prove this element should result in Hall's discharge for failure to establish a prima facie case. We disagree with Hall's argument.

Hall develops his interpretation of I.C. § 35–48–4–1 using different rules of statutory construction to support his argument that "classified in Schedule I or II" is a separate element that must be proven by the State. However, Hall's presentation is unnecessary, because I.C. § 35–48–4–1 is not ambiguous. The statute specifically states that a person who knowingly delivers *cocaine* commits dealing in cocaine.

Kim Fazio, a chemist for the Indiana State Police Department, testified the substance in evidence at Hall's trial was cocaine. I.C. § 35–48–4–1 specifically names cocaine as a substance within its purview. The State was not required to show independently cocaine is a Schedule II substance in order to present a case for dealing in cocaine against Hall.

Quoting *Willis v. State* (1988), Ind.App., 528 N.E.2d 486, Hall erroneously claims "the State must prove, as an essential element of a drug-related offense, the substance involved is a proscribed drug within the applicable statutory definition." Appellant's brief at 18. We note *Willis* dealt with IND.CODE § 35–48–4–2. Hall misreads *Willis* and takes the statement out of context. In *Willis*, the actual drugs were not in evidence, and no expert testimony was given. The *Willis* court demanded sufficient evidence that the substance involved in the defendant's transaction was actually a dangerous substance. The *Willis* court did not maintain that evidence must show the drug is cocaine and also that cocaine is a Schedule II substance. Hall was charged under I.C. § 35–48–2–1.

Analogizing *Willis* to the present case, we find the State presented sufficient evi-

5. IND.CODE § 35–48–2–6.

dence that Hall delivered cocaine to the undercover agents. The cocaine was admitted into evidence in Hall's trial and the expert testimony of Fazio was given.

Furthermore, cocaine is undeniably a Schedule II substance, and Hall's argument urging error for State's failure to state cocaine is a Schedule II substance is without merit.

Affirmed.

ROBERTSON and CHEZEM, JJ., concur.