**Myron Paul JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 18A02–9112–CR–571.**

Court of Appeals of Indiana, Second District.

June 23, 1992.

Bruce N. Munson, Muncie, for defendant-appellant.

Linley E. Pearson, Atty. Gen., and Margarett L. Knight, Deputy Attorney Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

On August 20, 1991, appellant Myron Paul Johnson was convicted of Dealing in Cocaine, a Class B felony.[1] Johnson presents three issues for appeal:

(1) Whether the State proved that the substance in Johnson's possession was cocaine;

(2) Whether the State proved that Johnson intended to deliver cocaine; and

(3) Whether the trial court properly instructed the jury upon possession of cocaine as a lesser included offense when the charging information did not charge possession?

We reverse and remand with instructions.

On Sunday morning, January 13, 1991, the Muncie, Indiana Fire Department responded to a report of smoke at a residence located at 522 East Fifth Street. The firefighters discovered intense heat in the furnace area, but were unable to locate the gas shut-off valve. When Larry Dudley, a representative from the gas company who was assisting the fire department, attempted to enter the residence, he was denied access. Muncie Police were dispatched to the scene in order to gain entry to the home.

Muncie Police Officer James Peters and the gas representative entered the front room and proceeded towards the furnace area. Officer Peters observed a male, later identified as defendant Johnson, sitting at a table "arranging" a powder substance with a knife. In response to questions concerning this activity, testimony revealed that Johnson stated "I am cutting up coke, motherfucker and I got more in my coat." Record at 455.

A brawl ensued involving at least seven adults and three police officers. After placing Johnson under arrest, Officer Peters searched Johnson and found five unopened packets of sealed paper in his coat pocket. The five unopened packets were placed on a table and photographed for identification purposes. In addition, an opened and unfolded packet containing residue was laying on the kitchen counter. A knife, a plate, and a dollar bill were photographed and later confiscated, bagged, and tagged for identification purposes.

Lieutenant Anthony Mench, Police Drug Task Force, testified that the evidence envelope he sealed, which contained the unopened packets, was kept under lock and key in the Muncie Police property room. Detective Robert Pyle, an evidence technician, also placed his identification number upon the envelope and later transported this evidence in its original sealed condition to the State Police Laboratory. Laboratory tests confirmed that the five sealed packages contained a total of 1.76 grams of cocaine.

I.

Johnson suggests that the substance tested by the State Police Laboratory was not the substance confiscated from Johnson's coat pocket. This argument in essence challenges the chain of custody. His failure to object precludes a direct challenge. He therefore couches his argument in terms of proof as to the nature of the substance he had in his possession. Merely raising the possibility of tampering with the evidence is an insufficient method of challenging the chain of custody. *Gardner v. State* (1987) Ind., 514 N.E.2d 1261, 1262. When dealing with fungible evidence such as cocaine, the State must give reasonable assurance the property passed through the hands of the parties in an undisturbed condition. *Id.* Moreover, the State need not establish a "perfect" chain of custody, and any gaps impact solely on the weight, not the admissibility, of the evidence. *Kennedy v. State* (1991) Ind., 578 N.E.2d 633, 639, *cert. denied*

---

**1.** I.C. 35–48–4–1(a)(2)(C) (Burns Code Ed.Supp.    1992).

(1992) — U.S. —, 112 S.Ct. 1299, 117 L.Ed.2d 521.

In the instant case, the State accounted for the whereabouts and condition of each of the five unopened packets. These packets were removed from Johnson's coat, placed upon a table in plain view and photographed, and, finally, sealed in a manila envelope used to collect evidence. The tape which secured the manila outer envelope bore the personalized marks of Lieutenant Mench, Detective Pyle, and State Police Laboratory chemist Troy Ballard. Each individual's mark was placed upon the tape of the outer envelope at the appropriate time and in a manner consistent with standard procedures.

■■■ The evidence envelope was kept under lock and key by the Muncie Police Department at all relevant times. Laboratory chemist Ballard received the sealed manila envelope, took scissors and cut the bottom of the envelope, and gained access to the contents. Ballard removed samples of white powder from the five paper packets for testing. Tests confirmed that the powder was 1.76 grams of cocaine. Based upon these facts, the State established an adequate chain of custody for the substance in question. The State introduced into evidence the five sealed packets of cocaine which had been removed from Johnson's coat pocket. Johnson did not object.[2]

Johnson's theory of tampering hinges upon the fact that State Laboratory Chemist Ballard did not receive straws in the materials which he tested. Although there was testimony that straws were taped to the *outside* of the packets found in Johnson's coat pocket, the critical chemical analysis requires testing of the substance *inside* the packets, i.e., the white powder which was cocaine. Even if straws are germane to the intended usage of the packets, they are superfluous to a determination of the nature of the substance contained in the packets. In fact, Lieutenant Mench testified that the lab will not accept certain items such as knives, plates, or residue. It was plausible for the jury to infer that the straws would not be included in the envelope which contained the materials to be tested.

There is sufficient evidence, together with all reasonable inferences to be drawn therefrom, that Johnson possessed cocaine. We will not reweigh the evidence upon appeal. *Smedley v. State* (1990) Ind., 561 N.E.2d 776, 782. The suggestion that the State failed to prove that the substance in Johnson's possession was cocaine is without merit.

### II.

■■■ Johnson challenges that the State failed to prove that he intended to deliver cocaine. A conviction for possession with intent to deliver cocaine may be supported by either direct or circumstantial evidence. *Montego v. State* (1987) Ind., 517 N.E.2d 74, 76 (citing *Mills v. State* (1987) Ind., 512 N.E.2d 846, 848).

The State relies upon circumstantial evidence to support the verdict. The facts favorable to the conviction reflect that Johnson had 1.76 grams of cocaine in his possession. Testimony also revealed that the cocaine was packaged consistent with "sale on the street." Record at 489. This inference, however, is diluted, if not destroyed, by the inverse proposition that the cocaine was packaged consistent with "having been bought on the street." Record at 490. Moreover, witnesses verified Johnson's frequent drug use; usage which readily supports the conclusion that Johnson intended to consume the 1.76 grams of cocaine within one day. Even Lieutenant Mench acknowledged that individual cocaine users consume in excess of 3.2 grams per day.

The State's reliance upon cases in which large amounts of drugs were determinative

---

2. Johnson also failed to object when testimony established that Johnson stated that he had more "coke" in his pocket. Johnson's own admission that the substance in his coat pocket was cocaine is sufficient, in and of itself, to establish that Johnson was in possession of cocaine. Intent to possess a controlled substance is proved by evidence of the defendant's knowledge of the nature and presence of such substance. *Hutcherson v. State* (1978) 4th Dist. 178 Ind.App. 8, 381 N.E.2d 877, 879, *trans. denied,* (superseded by statute upon a different issue).

in establishing the intent to deal is unpersuasive in Johnson's case. We agree that the probative value of quantity in proving intent is directly proportional to the quantity of the drugs. *Mason v. State* (1989) Ind., 532 N.E.2d 1169, 1171, *cert. denied* (1989) 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. However, a total weight of 1.76 grams is hardly a quantity "consistent with business *and* personal use." *Chandler v. State* (1991) Ind., 581 N.E.2d 1233, 1237 (emphasis supplied) (possession of 55 grams of cocaine evidence of intent to deal). *See also, Montego, supra,* 517 N.E.2d at 76 (83 grams of cocaine determinative of intent to deliver). A predisposition to sell may well be shown by a quantity greater than that which could be personally consumed, *Montego, supra,* at 76, but that conclusion cannot be reached in the instant case.

The instant case is likewise devoid of any other circumstantial evidence supporting the inference that Johnson intended to deal the drugs. Large sums of cash consistent with the sale of drugs on the street were not uncovered. *See, e.g., Chandler, supra,* 581 N.E.2d at 1237 (five wads of currency totaling $3310.00 found upon defendant's person); *Mason, supra,* 532 N.E.2d at 1171 (three grams of heroin and $325.00 in cash found in defendant's possession). No paraphernalia used in packaging and selling cocaine was found. *See Montego, supra,* 517 N.E.2d at 76 (diluting powder, triple beam gram scales, and numerous plastic bags of the type used to package cocaine for individual sale confiscated). There were no allegations that Johnson engaged in trafficking drugs immediately before their seizure. *See O'Grady v. State* (1985) 4th Dist.Ind.App., 481 N.E.2d 115, 117,

*trans. denied* (lack of evidence proving transaction or communication between the defendant and any other person with reference to drug sale fails to establish intent to deal).

In the instant case, the State places undue reliance upon the total amount of cocaine seized as the only evidence, circumstantial or otherwise, of Johnson's intent to deal. Such reliance does not support a conviction for dealing in cocaine. *Isom v. State* (1992) 2d Dist.Ind.App., 589 N.E.2d 245, *trans. denied.* Because the evidence, as a matter of law, cannot support the inference that Johnson intended to deliver the cocaine, we must reverse on this issue. This determination, however, does not foreclose the possibility that a conviction for the lesser included offense of possession of cocaine be upheld. *Isom, supra.*

III.

Johnson argues, anticipatively, that the trial court improperly instructed the jury with regard to possession of cocaine as a lesser included offense.[3] Johnson posits that where a defendant is charged with dealing but not possession, he cannot be convicted of possession as a lesser included offense. Johnson is mistaken.[4]

Clearly, the information charged that "Myron Paul Johnson on or about the 13th day of January, 1991, at and in the County of Delaware, State of Indiana, did then and there unlawfully, knowingly possess, with intent to deliver, cocaine...." Record at 10. There is no question that our Supreme Court recognizes that possession of narcotic drugs is an inherently included lesser offense of dealing in narcotic drugs. *Molino v. State* (1989) Ind., 546 N.E.2d 1216, 1219; *Mason, supra,* 532 N.E.2d at 1172.

3. Johnson based his objection to this instruction upon the grounds that the State did not charge lesser included offenses. In support of his objection, Johnson cited *Crawford v. State* (1987) 4th Dist.Ind.App., 502 N.E.2d 1361, *trans. denied,* for the holding that "if the lesser included offense isn't charged, the instruction on it can't be read." Record at 532–33. Despite the fact that the propriety of jury instructions was not at issue in *Crawford,* we decline to follow the result reached in *Crawford.* Moreover, we reject the reliance which the *Crawford* court placed upon *O'Grady, supra,* in reaching the court's conclusion that when an information

tracks the language of a dealing statute, the prosecution is barred from seeking a conviction upon the lesser included offense of possession. *Crawford, supra,* 502 N.E.2d at 1363.

4. In response to a claim that a defendant had not been charged with possession, the Indiana Supreme Court stated: "He is incorrect. He was specifically charged with possession of cocaine with the intent to deliver," under Ind.Code § 35–48–4–1(a)(2). *Montego, supra,* 517 N.E.2d at 77.

The lesser included offenses doctrine has been repeatedly reaffirmed by the Indiana Supreme Court. *Maynard v. State* (1986) Ind., 490 N.E.2d 762; *Jones v. State* (1982) Ind., 438 N.E.2d 972. Justice Dickson wrote:

"Indiana law recognizes two types of included offenses: First, the inherently included offense which is necessarily committed in the course of committing the greater offense; and, second, those offenses 'committed by reason of the manner in which the greater offense was committed,' if within the factual allegations contained in the charging instrument." *Maynard, supra,* 490 N.E.2d at 763.

In *Mason,* the Court reasoned that it is impossible to commit the greater offense of dealing a narcotic drug without committing possession, the lesser included offense. *Mason, supra,* 532 N.E.2d at 1172. The Second District followed suit in *Young v. State* (1991) 2d Dist.Ind.App., 564 N.E.2d 968, 971, *trans. denied,* stating that "the court was permitted to find [the defendant] guilty of possession of cocaine as a lesser included offense under Count I, which charged [the defendant] with dealing."

In the instant case, the trial court properly instructed the jury on possession of cocaine as a lesser included offense for possession of cocaine with intent to deliver 1.76 grams of cocaine. Although the evidence is insufficient to support a conviction of dealing in cocaine, as discussed above, there is evidence beyond a reasonable doubt to convict Johnson on the lesser included offense of possession of cocaine. *Isom, supra,* 589 N.E.2d at 248 (conviction for dealing reversed, but remanded with instructions to enter judgment upon the lesser included offense of possession).

Judgment reversed and cause remanded with instructions to enter a judgment of conviction of possession of cocaine.

RATLIFF, C.J., and SHIELDS, J., concur.