Simon KATNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9309–CV–325.

Court of Appeals of Indiana,
Second District.

Sept. 12, 1994.

Richard Kammen, McClure McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Simon Katner appeals the judgment in favor of the Indiana Department of Correction and the State of Indiana [hereinafter collectively referred to as the State] in the State's forfeiture action to gain title of Katner's automobile.

We reverse.

The facts most favorable to the judgment are that Katner was arrested for cocaine possession on January 31, 1992, after being stopped on suspicion of driving while intoxicated in Indianapolis. After struggling vio-

lently with several police officers, Katner was subdued, handcuffed, and searched. A thin glass tube and a plastic container were found in Katner's left front pants pocket. The container contained 0.0573 gram of cocaine.

On February 24, 1992, the Marion County Prosecutor filed a complaint for forfeiture of the Toyota automobile Katner was driving on the night of his arrest, on the basis that Katner had been using it to transport cocaine. Following a trial by court, judgment was entered in favor of the State. The Toyota was ordered forfeited for the use of the Indianapolis Police Department and for eventual sale.

Because we reverse, we need only address the following issues:[1]

    I. Was the evidence sufficient to show that Katner possessed cocaine?

    II. Was Katner's possession and transportation of 0.0573 grams of cocaine sufficient to justify the forfeiture of his automobile?

### I.

■ The evidence was sufficient to show that Katner possessed cocaine, and we reject his argument that he demonstrated that the items seized from his pocket had been tampered with, and that the State failed to establish a proper chain of custody over those items.

■ On direct examination, Indianapolis Police Officer Scott Eaton testified that "a glass tube, uh, with, uh, what kind of appeared to be like a white substance in the glass tube, and then, uh, suspected cocaine in a plastic container" was taken from Katner's pocket. *Record* at 87. Eaton testified that he took the items to the property room at the police department, put them in a heat-sealed envelope, and dropped them into the narcotics drop box. On cross-examination, Eaton was challenged with deposition testimony in which he had described the container as a "baggie of some kind." *Record* at 91. Eaton acknowledged having made that statement. He further testified that after putting the

items in the heat-sealed envelope, he signed the seal.

Cathy Zumer, a drug chemist with the Marion County Forensic Services Agency, testified she found "a glass tube in a plastic bottle with white powder" in the heat-sealed envelope. *Record* at 113. The Narcotic Examination Report filled out by Zumer at the time of the analysis indicates Simon Katner as the defendant, but Zumer testified that she had no independent knowledge of where the items came from. Katner objected to testimony concerning the chemical tests of the items Zumer analyzed on the basis that no foundation was presented to show that the items Zumer tested had any connection to the substance Eaton had taken from Katner. The court overruled Katner's objection. In *Gardner v. State* (1987), Ind., 514 N.E.2d 1261, our supreme court determined that

> "To establish a proper chain of custody, the State need only present evidence that strongly suggests the exact whereabouts of the evidence at all times. Where the evidence has passed through various hands, the State need not exclude all possibility of tampering, but rather must provide reasonable assurance that the evidence remained in an undisturbed condition. An argument which merely raises the possibility of tampering with the evidence is without merit."

*Id.* at 1262 (citations omitted).

Despite the discrepancy over whether the glass tube was contained in a plastic container or bottle or baggie, we find the evidence sufficient to provide reasonable assurance that the evidence remained undisturbed. The testimony and documentary evidence concerning the transfer of the heat-sealed evidence envelope from Eaton to Zumer via the narcotics drop box and Zumer's analysis of the contents of that envelope were sufficient to show the whereabouts of the evidence. Moreover, Katner has done no more than raise the possibility that the evidence had been tampered with. The trial court did not err in overruling Katner's objection.

---

**1.** Katner also claims that forfeiture based upon drug residue is unconstitutionally disproportion-

ate to the charged offense.

# II.

■ Katner's possession and transportation of 0.0573 gram of cocaine was not sufficient to justify the forfeiture of Katner's Toyota.

■ Forfeitures are not favored, and should be enforced "only when within both the letter and spirit of the law." *United States v. One 1976 Ford Pick–Up VIN F14YUB03797* (1985), 8th Cir., 769 F.2d 525, 527. Indiana's forfeiture statute provides in relevant part as follows:

"(a) The following may be seized:

(1) All vehicles ... if they are used or intended for use by the person ... to transport, or in any manner to facilitate the transportation of the following:

(A) A controlled substance *for the purpose of committing, attempting to commit, or conspiring to commit any of the following:*

.    .    .    .    .

(vi) Possession of cocaine...."

Ind.Code 34–4–30.1–1 (emphasis supplied).

This court has determined that the forfeiture statute serves to create "an economic disincentive to engage in proscribed behavior by subjecting to forfeiture those items 'traceable' to criminal activity." *Caudill v. State* (1993), Ind.App., 613 N.E.2d 433, 437. The statute is aimed primarily at the drug trade, and it enables the State to recover law enforcement costs, with any excess being transferred to the State Treasurer for deposit into the common school fund. *Id.;* IC 34–4–30.1–4(d).

While our courts have determined that the presence of any identifiable amount of an illegal drug may be sufficient to support a conviction for *possession* of that substance, we have yet to decide whether the "mere residue" of an illegal substance will support a forfeiture. *See Brown v. State* (1978), 177 Ind.App. 607, 380 N.E.2d 609; *Cooper v. State* (1976), 171 Ind.App. 350, 357 N.E.2d 260. When construing the applicable federal statutes,[2] several courts have determined that the residue of a narcotic drug is insufficient to support forfeiture. *See e.g. United States v. One Gates Learjet, Serial No. 28004* (1988), 5th Cir., 861 F.2d 868 (trace of cocaine found on airplane, the amount of which was so small that its presence could only be detected by scientific procedures, was insufficient to support forfeiture); *see also United States v. $38,600.00 In United States Currency* (1986), 5th Cir., 784 F.2d 694. At Katner's trial, an expert witness for the State testified that the .057 gram of cocaine Katner possessed was a "very, very small" amount and it constituted "what was left after somebody had used most of it." *Record* at 126, 128.

■ Although IC 34–4–30.1–1 does not specify a particular amount of cocaine necessary to trigger a forfeiture, the statute clearly contemplates a connection or "nexus" between the possession of the seized drug and the use of the automobile that the State seeks to have forfeited. In forfeiture proceedings, the issue becomes whether the connection between the underlying drug transaction and the property was more than incidental or fortuitous. *United States v. One Parcel Of Real Estate Known As 916 Douglas Ave.* (1990), 7th Cir., 903 F.2d 490; *see also Austin v. United States* (1993), —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (question is not how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense).

In the case before us, the State made absolutely no showing that Katner used his vehicle in any way to "transport" cocaine "for the purpose of" committing the offense of possession. While the presence of the cocaine residue in the glass tube was sufficient to support Katner's possession conviction, his possession of the substance in his automobile did not constitute "transportation" of cocaine for the *purpose* of possessing the drug. *See* IC 34–4–30.1–1.

The State based the forfeiture action *solely* upon the quantity of cocaine that was discovered in the automobile. No evidence was offered that may have demonstrated more than an incidental connection between Katner's possession of the drug and the fact that

**2.** *See* 21 U.S.C. § 881(a)(4), (6), (7).

he happened to be in his car when the drug was seized from his pocket. There was no showing that the use of the vehicle was an integral part of Katner's cocaine possession. The residual amount of cocaine could not be used or exchanged, and the State presented no evidence showing that the automobile was in any way associated with Katner's act of possessing the drug. The record is devoid of evidence that Katner's vehicle was used to facilitate any drug-related offense, and the mere incidental connection between the automobile and the cocaine should not support a forfeiture. *See e.g. Douglas, supra* (forfeiture is appropriate when the property is used or intended to be used, in any manner or part, to commit or to facilitate the commission of a drug offense).

■ It is apparent that IC 34–4–30.1–1 does not support the divestiture of private property based on an insubstantial connection between the vehicle and the illegal activity such as that which has been presented here. The automobile's connection to the cocaine is too tenuous and far removed to support a forfeiture.

In considering the nature and spirit of the legislative intent with respect to IC 34–4–30.1–1, we conclude that Katner's possession and transportation of cocaine "residue" did not warrant the forfeiture of his vehicle.

Judgment reversed.

RUCKER, J., concurs.

SHARPNACK, C.J., dissents with opinion.

SHARPNACK, Chief Judge, dissenting.

I respectfully dissent because I believe that the majority has erred in finding that the connection between the seized property and the drug offense was insufficient to support forfeiture.

The facts show that Katner was caught driving with .0573 gram of cocaine in his pocket. Under the forfeiture statute, a vehicle "used .. in any manner to facilitate the transportation of ... a controlled substance for the purpose of committing ... possession of cocaine" may be seized. I.C. § 34–4–30.1–1(a)(1)(A)(vi). Driving with cocaine in one's pocket is using a car to facilitate the trans-

portation of cocaine for the purpose of possessing it. Logically, one must first possess cocaine before one can transport cocaine; the transportation of cocaine is therefore an incident of the possession and use of cocaine. There are many reasons why an individual may transport cocaine from one place to another, and we need not speculate as to Katner's reasons. As the majority has noted, the purpose of the forfeiture statute is to discourage "proscribed behavior by subjecting to forfeiture those items 'traceable' to criminal activity." *Caudill,* 613 N.E.2d at 437. One kind of criminal activity included in the statute is possession of cocaine, a crime for which any identifiable amount of the drug may be sufficient to support a conviction. Individuals who break the law by possessing cocaine also transport the substance at their peril.

As the court stated in *United States v. Real Estate Known as 916 Douglas Ave.* (7th Cir.1990), 903 F.2d 490:

"A 'substantial connection' is not required between the property and the related drug offense for forfeiture of real estate under 21 U.S.C. § 881.a.7. Instead, the government must only demonstrate that the nexus is more than incidental or fortuitous.... The loss of one's home for the sale of a small amount of cocaine is undoubtedly a harsh penalty. But Congress has intended this harsh punishment for those who sell illegal drugs. *Dura lex, sed lex.*"

*Id.* at 494, 95.

Possession of cocaine is an offense for which our legislature has established a heavy penalty in accordance with our public policy of discouraging the use of illicit narcotics; forfeiture is a remedial and punitive measure that is a significant weapon in the law's arsenal against drug abuse. The loss of one's automobile for the possession of a small amount of cocaine may seem a harsh penalty, but it is a penalty that our legislature clearly has provided.