**Simon KATNER, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49S05–9503–CV–00348.

Supreme Court of Indiana.

Sept. 20, 1995.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

ON PETITION TO TRANSFER

SELBY, Justice.

We are called upon to determine whether Indiana's forfeiture statute, Ind.Code § 34–4–30.1–1 (West 1991), requires the State to demonstrate a nexus between property sought by the State in forfeiture and an underlying drug offense. We conclude that the statute requires such a nexus and grant transfer in order to resolve an apparent inconsistency between *Caudill v. State* (1993), Ind.App., 613 N.E.2d 433 and *Katner v. State* (1994), Ind.App., 640 N.E.2d 388.

## FACTS

On January 31, 1992, after a traffic stop and a violent altercation with police, Simon Katner was arrested. Law enforcement officers, conducting a lawful search incident to Katner's arrest, discovered in Katner's pocket a container which held cocaine residue.

Based on Katner's possession of this less-than ⁹⁄₁₀₀th of one gram of cocaine, the State filed a civil complaint for forfeiture of the 1987 Toyota which Katner was driving at the time of his arrest. The trial court entered judgment for the State and ordered Katner's Toyota to be forfeited to the Indianapolis Police Department.

Katner then sought relief in the Court of Appeals. The Court of Appeals, in a well reasoned opinion, reversed the judgment of the trial court. *Katner v. State* (1994), Ind.App., 640 N.E.2d 388. Among the issues Katner raised in his appeal was whether the statute required the showing of a nexus between the property seized and the offense upon which the seizure is based. The Court of Appeals held that the statute requires the State to show such a nexus.

■ The State petitioned for transfer, arguing that this nexus requirement conflicts with *Caudill v. State* (1993), Ind.App., 613 N.E.2d 433. In *Caudill,* the Court of Appeals construed this same forfeiture statute to permit forfeiture of a vehicle upon a showing only that an individual was in possession of cocaine while driving that vehicle. *Caudill* at 438. In order to resolve the apparent conflict between these decisions, we grant transfer. Pursuant to Ind.Appellate Rule 11(B)(3), we expressly adopt and incorporate by reference the decision of the Court of Appeals in *Katner,* and clarify *Caudill v. State.*

## DISCUSSION

In 1981, the Indiana Legislature enacted Indiana Code § 34–4–30.1–1 permitting the forfeiture of vehicles connected with stolen or converted property, as well as vehicles used in other types of illegal activity. The Legislature eventually expanded the scope of the statute to permit forfeiture of "a broad range of personal assets and real property that are traceable to or have facilitated illegal drug operation[s]." *Caudill* at 435. Presently, among the various types of forfeiture for which § 34–4–30.1–1 provides, the State may seek forfeiture of vehicles used to transport, for the purpose of possessing, an illegal drug. Additionally, our forfeiture statute provides that the State may seize a broad array of personal and real property if that property has been used to facilitate illegal drug activity.

■ Forfeiture actions have characteristics of both civil and criminal actions; however, forfeiture is properly classified as civil in nature. Although "both punitive and remedial goals may be served by criminal penalties" the converse is also true, "that civil proceedings may advance punitive and remedial goals." *Austin v. United States* (1993), —— U.S. ——, ——, 113 S.Ct. 2801, 2806, 125 L.Ed.2d 488, 497. Actions for civil forfeiture, in the context of illegal drugs, are designed to be a relatively efficient means to remove, from its owner, property used to further illegal trafficking in drugs. *Caudill* at 436. Because of its significant and potentially severe punitive function, one might assume that a forfeiture action is criminal in nature. Forfeiture is, however, actually a civil action. *Caudill,* 613 N.E.2d at 437. Serving more than a punitive purpose, civil forfeiture proceedings advance diverse legislative interests—while punishing and deterring those who have engaged in illegal drug activity, forfeiture simultaneously advances other non-punitive, remedial legislative goals. First, forfeiture creates an economic disin-

centive to engage in future illegal acts. It also serves another significant, albeit secondary, purpose. Forfeiture advances our Legislature's intent to minimize taxation by permitting law enforcement agencies, via the sale of property seized, to defray some of the expense incurred in the battle against drug dealing. *Caudill* at 436–437. It is these broad remedial characteristics which support our Court of Appeals' determination that forfeiture actions are civil in nature.

■■■ Forfeiture is, however, not totally divorced from the criminal law. The statute requires that, before forfeiture occurs, the State must demonstrate that the property sought in forfeiture was used to facilitate the transportation of one of the following: a controlled substance, 34–4–30.1–1 Sec. 1(a)(1)(A); stolen or converted property, Sec. 1(a)(1)(B); or illegal hazardous waste, Sec. 1(a)(1)(C); all of which are criminal activities. We note, however, that a conviction on the underlying criminal activity is not a prerequisite for forfeiture. The State need only show that facts supporting forfeiture exist "by a preponderance of the evidence." *Caudill* at 436. The Legislature's intent to apply the civil burden of proof in forfeiture proceedings is evident in § 34–4–30.1–4, which states in part "[a]t the [forfeiture] hearing, the prosecuting attorney must show *by a preponderance of the evidence* that the property was within the definition of property subject to seizure under section 1 [IC 34–4–30.1–1] of this chapter." (Emphasis added.)

We examine in this case the relationship between two factual prerequisites necessary to a forfeiture action: the connection between a vehicle's use and the purpose for which it is used. As noted above, Title 34–4–30.1–1 authorizes forfeiture of property used to facilitate possession of certain listed narcotics. That section provides in relevant part:

(a) The following may be seized:

(1) All vehicles (as defined by IC 35–41–1), if they are used or intended for use by the person or persons in possession of them to transport or in any manner to facilitate the transportation of the following:

(A) A controlled substance for the purpose of committing, attempting to com-

mit, or conspiring to commit ... the following:

.　　.　　.　　.　　.

(vi) possession of cocaine.

*Id.*

We must determine whether this language, which permits seizure of vehicles used to transport a controlled substance "for the purpose of committing, attempting[,] ... or conspiring" to possess cocaine, requires the State to show the existence of a relationship—a nexus—between the property sought in forfeiture and the underlying offense, here cocaine possession.

■■■ Federal courts have been faced with a similar question when construing the federal forfeiture statute, 21 U.S.C. § 881. This federal statute permits forfeiture upon a demonstration that a vehicle was used "in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property" including "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation" of the Controlled Substance Act, 21 U.S.C. § 812 (1988). In construing this statute, federal courts have determined that, in order for a forfeiture action to succeed, the government must show a nexus between the use of the property sought in forfeiture and the underlying drug activity. We are, of course, not bound by the federal courts' analysis of the federal statute; however, we find the analysis is helpful in construing our own forfeiture statute.

■■■ The United States' Seventh Circuit Court of Appeals reviewed the nexus requirement in *U.S. v. Real Estate Known as 916 Douglas Avenue* (7th Cir.1990), 903 F.2d 490. The Seventh Circuit determined that " '[a] substantial connection' is not required between the property and the related drug offense for forfeiture" of property under the federal forfeiture statute. "Instead, the government must only demonstrate that the nexus [between the property sought in forfeiture and the underlying offense] is more than incidental or fortuitous." *Id.* at 494. Our statute, similarly, requires more than an inci-

dental or fortuitous connection between the property and the underlying offense.

In order to assure that an adequate nexus exists between the property sought in forfeiture, and the underlying offense, we hold that the State bears the burden of demonstrating, by a preponderance of the evidence, this nexus: that the property sought in forfeiture was used "for the purpose of committing, attempting to commit, or conspiring to commit" an enumerated offense under § 34–4–30.1–1. This nexus best articulates the threshold of proof that the State must achieve before succeeding in a forfeiture action, and is congruent with § 34–4–30.1–4 which requires the prosecutor at the forfeiture hearing to show, by a preponderance of the evidence, that property is subject to forfeiture under § 34–4–30.1–1. The Indiana forfeiture statute requires more than a mere demonstration that the vehicle's operator possessed cocaine. Rather, under the portion of our statute which we examine today, the State must show that the operator used (1) the vehicle to transport an illicit substance or item listed in the statute, (2) for the purpose of committing possession, attempting to commit possession, or conspiring to possess the substance or item. The second limitation, requiring the State to show transportation for a specific purpose, serves an important function, *i.e.* avoiding forfeiture where the operator of a vehicle coincidentally possesses drug residue, but is not transporting the residue, or using the vehicle in any other way to further possession or conspiracy to possess.

This nexus requirement is a means to guarantee that the government is seizing actual instruments of the illegal drug trade. The language of the statute is directed toward instruments of this illicit activity, in hopes of retarding, through asset forfeiture, expanding drug commerce. Depriving persons of their property such as vehicles unrelated to the drug trade will do little to advance our Legislature's intent.

The Court of Appeals in *Katner* correctly determined that "the statute clearly contemplates a connection or 'nexus'" between the act of possessing the contraband and the use of the vehicle which the State seeks in forfeiture, and that the State did not demonstrate such a nexus in Katner's case. "While the presence of the cocaine residue in the glass tube was sufficient to support Katner's possession conviction, his possession of the substance in his automobile did not constitute "transportation" of cocaine for the *purpose* of possessing the drug." *Katner* at 390, (emphasis in original.)

## CONCLUSION

*Caudill* might be read to suggest that mere possession of an illegal substance and simultaneous use of a vehicle are sufficient to support forfeiture. *Caudill* at 438. This is an incorrect statement of the law. *Katner* properly identifies the statute's nexus requirement; therefore, we adopt the Court of Appeals' *Katner* decision. The Court of Appeals is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Justice, dissenting.

While we may find it unduly harsh to subject a driver with a small amount of cocaine in his pocket to forfeiture of his automobile, I believe that is clearly what the legislature has authorized. The presence of the cocaine in Mr. Katner's pocket constituted the commission of Possession of Cocaine and his driving his automobile under such circumstances therefore constituted the use of the vehicle to facilitate the transportation of cocaine for the purpose of possessing it. As such, forfeiture is available. Ind.Code § 34–4–30.1–1(a)(1)(A)(vi).

I would affirm the trial court's forfeiture order in this case for the reasons set forth in Chief Judge Sharpnack's dissenting opinion in this case in the Court of Appeals. *See Katner v. State* (1994), Ind.App., 640 N.E.2d 388, 391 (Sharpnack, C.J., dissenting).