Tommy Wayne SANDEFUR, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 82A01–9508–CR–248.

Court of Appeals of Indiana.

Jan. 9, 1996.

Michael J. Danks, Evansville, Bernard G. Reisz, Evansville, for appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for appellee.

ROBERTSON, Judge.

Tommy Wayne Sandefur brings this interlocutory appeal of the denial of his motion to dismiss the criminal charges against him on the basis that the State's prosecution of forfeiture proceedings against him bars the criminal prosecution under principles of double jeopardy. We affirm.

## FACTS

The dispositive facts are not disputed. Police officers seized approximately $2,569.00 in cash and a 1977 Chevrolet van from Sandefur upon his arrest. Approximately $1,400.00 of the cash had been "buy money" which the State had provided a confidential informant to purchase marijuana from Sandefur in the investigation of Sandefur's alleged drug dealing activities. Sandefur was charged with dealing marijuana and related offenses.

The State instituted forfeiture proceedings against the cash and the van seized from Sandefur. By agreement, the van was transferred to the bank which held a lien on it. After a hearing, the trial court ordered $1,500.00 of the cash to be forfeited and ordered the $1,069.00 balance to be returned to Sandefur.

Sandefur filed the present motion to dismiss the criminal proceedings on the grounds of double jeopardy. The trial court denied Sandefur's motion and this discretionary interlocutory appeal ensued.

## DECISION

Under principles of double jeopardy, a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution. *United States v. Halper* (1989), 490 U.S. 435, 444, 449, 109 S.Ct. 1892, 1899, 1902, 104 L.Ed.2d 487. Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the government's damages and costs to determine if the penalty sought in fact constitutes a second punishment. *Id.* It is within the discretion of the trial court to determine the size of the civil sanction the government may receive without crossing the line between remedy and punishment. *Id.* Our supreme court has held that civil forfeiture proceedings advance the non-punitive, remedial legislative goals of 1) providing an economic disincentive to engage in future illegal activities, and 2) defraying some of the expense incurred in the battle against drugs. *Katner v. State* (1995), Ind., 655 N.E.2d 345, 346.

In the present case, the forfeiture of $1,500.00 cash bears a rational relation to the goal of compensating the State for its expenses. Nearly all of the money ordered forfeited had been furnished by the State for controlled buys. Over $1,000.00 in cash was returned to Sandefur. The trial court abused no discretion in determining that the $1,500.00 forfeiture here was remedial and not punishment. Therefore, the criminal prosecution is not barred by double jeopardy.

Judgment affirmed.

NAJAM, J. concurs.

SULLIVAN, J. concurs in result.