MATHIAS, Judge
concurring.
I concur with the majority’s conclusion that Mesa was not entitled to a hearing in the State’s forfeiture action, but I write separately to emphasize that Mesa’s complete failure to designate any evidence to contradict that designated by the State in its motion for summary judgment negated any reason for a hearing.
Mesa claims that the trial court was required to hold an evidentiary hearing pursuant to Indiana Code section 34-24-1-4. But it is well established that a forfeiture proceeding is a civil action, see Katner v. State, 655 N.E.2d 345, 347 (Ind.1995) (citing Caudill v. State, 613 N.E.2d 433, 437 (Ind.Ct.App.1993)), and is therefore governed by the Indiana Trial Rules. See Ind. Trial Rule 1.
Thus, when the State filed a motion for summary judgment with supporting affidavits pursuant to Trial Rule 56, it was incumbent upon Mesa to respond to this motion with opposing affidavits or other designated evidence within the time allotted by rule or risk summary judgment being granted in favor of the State if the State’s designated evidence revealed that it was entitled to judgment as a matter of law. See Murphy v. Curtis, 930 N.E.2d 1228, 1233-34 (Ind.Ct.App.2010), trans. denied. But Mesa did not do this.
Instead, he simply filed a responsive argument with the trial court attacking the credibility of the State’s affiants and claiming a right to an evidentiary hearing under the forfeiture statutes. However, Mesa is not entitled to an evidentiary hearing in proceedings on a motion for summary judgment. Under Trial Rule 56, a party may request a hearing that considers whether the evidence designated by the parties causes a genuine issue of material fact to remain, but a party may not simply argue the credibility of an opposing affiant. See F.W. Means & Co. v. Carstens, 428 N.E.2d 251, 258 (Ind.Ct.App.1981) (noting that summary judgment hearing is not a trial); see also Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind.2003) (“The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law.”).
Here, the State’s designated evidence was sufficient to establish prima facie that the State was entitled to judgment as a matter of law. When Mesa failed to designate any evidence at all contrary to the State’s designated evidence, there were no conflicting interpretations of factual issues remaining to be considered at a hearing. Simply said, there was no reason that a hearing was required; when Mesa designated no evidence to dispute that designated by the State, his timely written response that questioned the credibility of *498 the State’s affiant was all that he was entitled to. See Boczar v. Reuben, 742 N.E.2d 1010, 1018 (Ind.Ct.App.2001) (holding that party was not entitled to separate summary judgment hearing on issue on which it failed to designate any evidence).
Moreover, even if Mesa were correct that the forfeiture statute required an evi-dentiary hearing, this would be in conflict with the summary judgment procedures set forth in Trial Rule 56. And it is well settled that, if a statute conflicts with the Trial Rules, the Trial Rules take precedence. Bowyer v. Ind. Dept. of Natural Res., 798 N.E.2d 912, 916 (Ind.Ct.App.2003).
Accordingly, I concur with the majority that Mesa was not entitled to an evidentia-ry hearing.