## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 20 2016, 6:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Arnell Best,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 20, 2016

Court of Appeals Case No.
45A03-1602-CR-447

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Trial Court Cause No.
45G01-1503-F4-8

**May, Judge.**

[1] Anthony Arnell Best appeals his conviction of Level 4 felony dealing in cocaine.[1] Best argues there was insufficient evidence to prove his intent to deal beyond a reasonable doubt. We affirm.

## Facts and Procedural History

[2] On March 5, 2015, Lieutenant Ron Pineda of the Gary Police Department received a dispatch of a residential break-in in progress. As Lieutenant Pineda neared the location of the reported break-in, he noticed a man, later identified as Best, walking down the street. Upon arrival at the residence, Lieutenant Pineda and another responding officer, Corporal Javier Garza, gathered information from the victim. The man Lieutenant Pineda had seen walking down the street matched the description of the perpetrator, so Lieutenant Pineda and Corporal Garza decided to look for him.

[3] Within two and a half minutes, Lieutenant Pineda found Best. Lieutenant Pineda asked Best his name, and Best gave a fake name, "Robert Best." (Tr. at 45.) Shortly thereafter, Corporal Garza arrived where Lieutenant Pineda had found Best. Corporal Garza knew Best from prior contact and he asked Best for his name. Best again provided the fake name "Robert Best." (*Id.* at 60.) Corporal Garza questioned Best about whether his name was not actually

---

[1] Ind. Code § 35-48-4-1(a)(2) (2014) (defining possession with intent to deliver as a Level 5 felony); Ind. Code § 35-48-4-1(c)(1) (2014) (elevating crime to a Level 4 felony if the amount of drug possessed is between one and five grams).

"Anthony," (*id*.), and Best then admitted that it was. Corporal Garza knew Best had an active warrant, and he confirmed that fact with the Gary Police Department.

[4] Corporal Garza arrested Best and patted him down to check for weapons before placing him in the police car. While at booking, Corporal Garza asked Best to empty his pockets. Best produced $259 and several other miscellaneous items. Corporal Garza then thoroughly searched Best and found drugs in the small pocket of Best's jeans. Specifically, he found a clear plastic bag tied in a knot with nineteen smaller bags in it. The nineteen small bags were individually knotted closed, and each contained an "off white rock-like substance." (*Id.* at 65). The substance tested positive for cocaine. The cocaine weighed a total of 4.36 grams. The street value of the drugs was between $190 and $380.

[5] The State charged Best with Level 4 felony dealing in cocaine. A jury found Best guilty as charged. The trial court imposed a ten year executed sentence.

# Discussion and Decision

[6] When dealing with an insufficient evidence allegation, "we neither reweigh the evidence nor judge the credibility of witnesses." *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004). "[A]ppellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). A reviewing court will reverse a conviction if "no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt." *Drane v. State*, 867 N.E.2d 144, 146-147 (Ind. 2007) (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)).

[7] The dealing in cocaine charge alleged Best "did possess with the intent to deliver cocaine." (App. Vol. II at 8.) "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). In determining whether intent exists, a fact-finder "must resort to reasonable inferences based upon examination of the surrounding circumstances." *Mitchell v. State*, 557 N.E.2d 660, 664 (Ind. 1990). However, our legislature has provided that a person who possesses less than 28 grams of a drug may be convicted for possession with intent to deliver "only if there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug." Ind. Code § 35-48-4-1(b) (2014).

[8] Best alleges the State relied only on evidence of the weight of the cocaine he possessed to convict him of intent to deliver cocaine, and he analogizes his case to *Johnson v. State*, 594 N.E.2d 817 (Ind. Ct. App. 1992). In *Johnson*, the State relied upon the amount of cocaine found in Johnson's coat, without other supporting evidence, to convict Johnson. *Id.* at 818-820. On appeal, we reversed Johnson's conviction because there was insufficient evidence he intended to deliver to someone else, rather than use himself, the 1.76 grams of cocaine he possessed. *Id.* at 819-820. Notably, the testimony at Johnson's trial included an officer conceding Johnson possessed less than some cocaine users

consume in a day and multiple witnesses confirmed Johnson's "frequent drug use." *Id*. at 819.

[9] The facts and circumstances of Best's conviction are distinguishable from *Johnson*. Best possessed not five, but nineteen individual packages of cocaine, weighing 4.36 grams in total, which is nearly two and a half times what Johnson possessed. Best had the nineteen individual bags in another clear bag, which a police officer testified would be unusual for a person who possessed cocaine for person use. When police encountered Best, he was not at a table preparing to ingest cocaine, as was Johnson. There was no testimony Best regularly consumed the crack cocaine he possessed; nor did he possess any paraphernalia one might use to consume crack cocaine. Finally, while Johnson had no cash on him, Best possessed $259 in cash when arrested. The facts here are distinguishable from *Johnson* and provide the additional circumstances necessary to infer intent to deliver under Ind. Code § 35-48-4-1(b) (2014). *See Davis v. State*, 863 N.E.2d 1218, 1221-22 (Ind. Ct. App. 2007) (distinguishing *Johnson* because Davis was not a drug user, Davis had a clear knotted baggie that contained twelve smaller baggies of rock-like cocaine, and Davis appeared to be one of three individuals working together at a curbside drug business), *trans. denied*.

# Conclusion

[10] The State presented sufficient evidence Best intended to deliver cocaine. Accordingly, we affirm.

Affirmed.

Kirsch, J., and Crone, J., concur.