Ronald L. MASON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8703–CR–341.

Supreme Court of Indiana.

Jan. 18, 1989.

J. Frank Hanley, II, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On September 18, 1986, Ronald L. Mason was convicted by jury of count I, dealing in narcotic drug, a class A felony; and count II, possession of narcotic drug, a class C felony. He was also found to be a habitual offender. Mason was sentenced to 50 years on count I, enhanced by 30 years for the habitual offender finding. He was sentenced to 8 years on count II, which sentence was merged with the sentence imposed on count I. He directly appeals raising the following issues for our review:

1. whether the trial court erred in denying his motion to suppress evidence, and

2. sufficiency of the evidence of intent.

The facts most favorable to the verdict below show an investigation of Appellant Mason commenced on May 13, 1985, upon the receipt of information by the Indianapolis Police Department Narcotics Division that Mason was selling heroin at his residence at 10470 East 37th Street. Surveillance was set up. Mason left town shortly thereafter and was gone approximately three weeks. The police investigation resumed upon Detective Tommie Terrell's receipt of information that Mason was back in town and again dealing in heroin. Terrell obtained search warrants on June 6, 1985 for the residence and the 1983 Chevrolet van bearing Florida license plates. Police at 38th and Shadeland observed the van pull into the White Castle parking lot at 6901 Pendleton Pike. The officers stopped the van and served the search warrant. Mason initially refused to exit the van, but was eventually searched by police. A plastic bag containing six aluminum foil bindles of brown powder subsequently shown to be heroin weighing over three grams and $325 in cash were taken from Mason's person.

I

Mason argues the trial court erred by denying his motion to suppress evidence seized from the search of his person and the Chevrolet van pursuant to an illegal search warrant. Mason contends a false statement was included knowingly and intentionally in the affidavit of probable cause required for issuance of a search warrant. He asserts that at the motion to suppress hearing, he established that when the false statement was deleted, the affidavit's remaining content was insufficient to establish probable cause. Thus, Mason argues the search warrant should have been voided, the fruits of the search excluded, and the informant's identity revealed.

 A false affidavit generally renders a search warrant invalid and the fruits of any search made pursuant to it are generally suppressible. *Gunter v. State* (1971), 257 Ind. 524, 529, 275 N.E.2d 810, 813. However, here we do not find support for the claim that the affidavit was false. Detective Terrell indicated in the affidavit he had information from a confidential informant that, within the 72 hours prior to June 6, 1985, Mason was keeping and selling heroin from a 1983 Chevrolet van bearing a Florida license plate. This affidavit was signed by the magistrate and a warrant was issued at 6:00 p.m. on June 6, 1985. Mason argues the 72 hour period must be considered as ending 12:01 a.m. on June 6. Mason claims that because he and the van were not physically present in Indianapolis during that 72 hour period, the affidavit was false.

However, we agree with the trial court that the 72 hour period must be considered as ending when the magistrate signed the affidavit. Detective Terrell testified during the In Camera Hearing that the information was supplied to him within the 72 hours prior to going before the magistrate. He testified the information he received from the informant was received after 12:00 midnight on June 6 and before he went to the magistrate. This period includes the time from 1:00 a.m. to 6:00 p.m. on June 6, 1985, approximately 17 hours within which Mason admits to being in Indianapolis and within which it was possible for the informant to observe Mason dealing in heroin, report to Detective Terrell, and in turn for Terrell to prepare the probable cause affidavit. Thus, misrepresentation by the State has not been demonstrated. The trial court did not err in denying Mason's motion to suppress and his

motion to identify the informant. Further, there is no showing that disclosure was relevant or helpful to Mason's defense or essential to a fair determination of this case. *See Powers v. State* (1982), Ind., 440 N.E.2d 1096, 1103, *cert. denied* (1983), 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808; *Ryan v. State* (1982), Ind., 431 N.E.2d 115, 116–17.

## II

Mason challenges the sufficiency of the evidence arguing the State failed to prove he possessed heroin with the intent to deliver as required under IC 35–48–4–2. He contends the State merely proved the possession of heroin in a quantity which a heavy user might consume in one day.

The State has the burden of introducing sufficient evidence from which the jury can find the existence of each element of the offense beyond a reasonable doubt. *Montego v. State* (1987), Ind., 517 N.E.2d 74, 75. Because intent is a mental state, the trier of fact must usually resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *Id.*

The evidence presented at trial disclosed that the Indianapolis Police Department received information that Mason was involved in the sale of heroin. Detectives Terrell and James Wurz began surveillance of Mason's apartment, but ceased surveillance after they observed Mason leaving town. On June 6, 1985, a confidential informant told Detective Terrell he had observed Mason keeping and selling heroin from a 1983 Chevrolet van. Based on this information, Detective Terrell obtained warrants to search Mason's person, apartment and the 1983 Chevrolet van. At 6:35 p.m. on June 6, 1985, Mason was arrested in the parking lot of the White Castle located at 6901 Pendleton Pike in Indianapolis. Mason was driving a 1983 Chevrolet van. Pursuant to the search of Mason's person and the van, the officers seized six foil bindles containing heroin and $325 in cash. A subsequent search of Mason's apartment produced no additional evidence.

Circumstantial evidence of possession with intent to deliver is sufficient to support the conviction. *Montego,* 517 N.E.2d at 76. Such evidence does not have to overcome every reasonable hypothesis of innocence but need only generate a reasonable inference of guilt. *Id.* The possession of a large amount of narcotics is circumstantial evidence of intent to deliver. The probative value of quantity in proving intent increases as the quantity becomes greater. *Id.* A quantity permitting an inference of predisposition to sell is one which could not be personally consumed or utilized and therefore of necessity available for delivery. *Id.*

The street value of the heroin found on Mason's person was approximately $375. The amount of heroin found in Mason's possession, slightly over three grams, was the equivalent of 30 single dosage units of one-tenth of a gram each. Detective Terrell testified that a heavy user might use five or six one dosage units in one day. Detective Terrell also clearly indicated a heroin user would not have that quantity in his possession at one time. Rather, the amount was more consistent with what a dealer would carry on his person, particularly a dealer without a personal drug habit. Detective Terrell testified Mason did not appear to be a heroin user as he did not have "track marks" or swollen hands, which all users exhibit regardless of method. Thus, the quantity of drugs found in Mason's possession was large in view of the inference that Mason was not a heroin user. Further, the informant specifically told police that Mason was seen selling heroin. This evidence was sufficient to support the jury's determination that Mason possessed heroin with the intent to deliver.

## III

We address a third issue *sua sponte.* Mason was convicted and sentenced on both dealing and possession of a narcotic drug. Although the trial court "merged" the sentence imposed for possession with the sentence imposed for dealing, we find this procedure inappropriate.

"Where the conviction of a greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one." *Boze v. State* (1987), Ind., 514 N.E.2d 275, 277. Possession of a narcotic drug is an inherently included lesser offense of dealing in a narcotic drug, inasmuch as it is impossible to commit the greater offense without committing the lesser offense. *Moore v. State* (1984), Ind., 471 N.E.2d 684, 687. Thus, Mason may not be convicted and sentenced on both the greater and lesser offenses. *Boze*, 514 N.E.2d at 277.

This cause is remanded to the trial court for a new sentencing order which includes an order vacating the conviction and sentence imposed for the possession count. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.