Ronald L. **MASON**, Appellant
(Defendant below),

v.

**STATE of Indiana**, Appellee
(Plaintiff below).

No. 49S00–9610–CR–649.

Supreme Court of Indiana.

Dec. 29, 1997.

John Pinnow, Greenwood, for Appellant.

Jeffrey A. Modisett, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Following a jury trial, Ronald L. Mason was convicted of dealing in a narcotic drug[1] and possessing a narcotic drug.[2] As ex-

---

1. Ind.Code § 35–48–4–1 (1982). The offense was elevated to a class A felony because Mason possessed more than three grams of heroin. Our opinion in Mason's first direct appeal inadvertently reported that Mason was convicted under Ind.Code § 35–48–4–2, but the record clearly shows that he was convicted under section 1. *Mason v. State*, 532 N.E.2d 1169, 1171 (Ind. 1989), *cert. denied*, 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. The trial court imposed a maximum enhanced sentence of fifty years to which an additional thirty years was added be-

cause the jury found Mason to be a habitual offender. Ind.Code § 35–50–2–8 (Supp.1985). This Court has jurisdiction over this direct appeal because the longest single sentence imposed was greater than fifty years. Ind. Const. art. VII, § 4; Ind.Appellate Rule 4(A)(7).

2. Ind.Code § 35–48–4–6 (Supp.1985). The trial court also imposed an enhanced sentence of eight years for possession of heroin, a class C felony. As a lesser included offense of the dealing conviction, however, we instructed the trial

plained below, this is Mason's second direct appeal. We reverse the dealing conviction because prejudicial hearsay was admitted against Mason, and we grant a new trial.

### Background

After receiving a tip from a confidential informant that Mason was distributing heroin from an Indianapolis apartment, Detective Tommie Terrell began surveillance. For two days in May, 1985, Detective Terrell and another officer observed people entering Mason's apartment building, staying a short time, and leaving. Then Detective Terrell saw Mason load his van with clothing, indicating a trip out of town. Some three weeks later, the confidential informant called Detective Terrell and said that Mason had returned to Indianapolis and was again dealing drugs.

These first-hand observations and the informant's tips led Detective Terrell to obtain a warrant to search Mason's van. The police found Mason driving his van and stopped him. Although a search of the van produced nothing incriminating, a search of Mason's left sock produced $325 in cash and six aluminum foil packets containing 3.0705 grams of heroin. Mason was charged with possessing a narcotic and with dealing in a narcotic. The dealing charge was elevated to a class A felony because Mason possessed more than three grams of heroin. Ind.Code § 35–48–4–1 (1982). He was also charged as a habitual offender.

The informant did not testify at trial and his identity remained confidential. Detective Terrell twice told the jury that the informant reported Mason was selling heroin. The trial court overruled Mason's timely hearsay objections, refused to strike the informant's statements from the record and gave no limiting instruction. In addition, the prosecutor repeated the content of the informant's tips during closing argument. The jury found Mason guilty as charged.

Mason, represented by the same attorney who defended him at trial, began his direct appeal, but did not raise the hearsay issue. As to the issues he did raise, we found no error in the trial court's refusal to suppress certain evidence or in its denial of Mason's court to vacate the possession conviction. *Ma-*

request for the informant's identity. We found sufficient evidence to support the conviction, and we affirmed. *Mason v. State,* 532 N.E.2d 1169 (Ind.1989), *cert. denied,* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428.

With new counsel, Mason petitioned for post-conviction relief. He sought relief, in part, on grounds that he was denied his Sixth Amendment right to effective assistance of appellate counsel by counsel's failure to raise the hearsay issue on direct appeal. The post-conviction court denied relief. This denial was affirmed in Mason's *pro se* appeal by an unpublished memorandum decision. *Mason v. State,* No. 49A04–9311–PC–417, 634 N.E.2d 100 (Ind.Ct.App. April 27, 1994), *trans. denied.*

Mason then petitioned the federal district court for a writ of habeas corpus. He raised essentially the same grounds for relief as he had in the post-conviction court, including, as relevant here, the claim that he was deprived of his right to effective assistance of appellate counsel. The district court denied the petition.

However, on appeal, the Seventh Circuit disagreed and granted relief. *Mason v. Hanks,* 97 F.3d 887 (7th Cir.1996). The court held that Mason met both the deficient performance and prejudice prongs of the test for ineffective assistance of counsel articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court concluded Mason had shown that appellate counsel's performance was deficient because counsel failed to raise a "significant" and "obvious" issue for reasons that could not "be explained by any strategic decision." *Mason,* 97 F.3d at 894. And, given our precedent on the admission of a confidential informant's hearsay statements at trial, the court concluded there was "a very real possibility that Mason might have prevailed" in his state court direct appeal had the hearsay issue been raised. *Id.* at 900. Noting that it remained for an Indiana state court to decide whether Mason's hearsay argument is persuasive, the Seventh Circuit remanded the case to the district court with instructions to grant the writ for habeas corpus unless Ma-*son,* 532 N.E.2d at 1172.

son received a new trial or a second direct appeal. *Id.* at 902.

Thereafter, the State asked us to authorize a second direct appeal for Mason, which we did. We directed the trial court to appoint counsel for Mason, and we ordered briefs on the issue of whether the admission of the confidential informant's statements was reversible error.

## Discussion

### I

■ When Mason was tried in 1986, hearsay was defined as an out-of-court statement, offered in court, to prove the truth of the matter asserted in the statement. *See, e.g., Torres v. State,* 442 N.E.2d 1021, 1024 (Ind.1982).[3] When offered for its truth, the evidentiary value of a statement depends upon the credibility of the declarant, but if the declarant does not testify in court, the declarant's credibility cannot be assessed by the trier of fact. The principal reasons to exclude hearsay evidence, then, are that the out-of-court declarant is not under oath, is not subject to confrontation by the trier of fact, and is not subject to cross-examination by the accused. *Harvey v. State,* 256 Ind. 473, 476, 269 N.E.2d 759, 761 (1971).

■ We long ago instructed that the content of an informant's tip should not be communicated to the jury as evidence that the fact asserted therein is true. *Glover v. State,* 253 Ind. 121, 126, 251 N.E.2d 814, 818 (1969) (hearsay information that police use in their investigation is not proper evidence in a criminal trial); *see also Torres,* 442 N.E.2d at 1024. Although on occasion we have recognized that a tip is admissible when introduced primarily to explain the police's inves-

tigation, *see, e.g., Forehand v. State,* 479 N.E.2d 552, 555 (Ind.1985), that exception is not available here. What prompted the police to investigate Mason is not relevant to any contested issue at trial because Mason's defense efforts were directed primarily toward establishing that he was not dealing heroin but was merely a user.[4,5]

Moreover, the trial court gave the jury no guidance on the limited purpose for which the State ostensibly proffered the tips. *Williams v. State,* 544 N.E.2d 161, 162–63 (Ind.1989) (before approving admission of the informant's tips, we require "a reasonable level of assurance that such testimony was not offered by the proponent nor received by the trier of fact as evidence of the truth of the third party's statement."). We conclude that under these circumstances, Detective Terrell's testimony about the informant's tips was hearsay, and as such suffered from the defects associated with such testimony: the informant was not under oath, or subject to confrontation and cross-examination.

■ Having concluded that the testimony was hearsay, we must still decide whether the error requires reversal. We reverse only if the erroneous admission of hearsay affects Mason's "substantial rights." Ind.Trial Rule 61. We will reverse if the hearsay "was sufficiently specific and detailed to provide the jury with a basis for making inferences that the informant had knowledge that appellant committed the offense and that appellant was therefore guilty as charged." *Williams,* 544 N.E.2d at 163.

In assessing the probable impact of the hearsay on Mason's conviction for dealing in a narcotic drug, we conclude there was an

---

3. Mason was tried and his first direct appeal decided before the Indiana Rules of Evidence became effective January 1, 1994, so they do not apply, although as explained *infra,* the result would be the same.

4. Another of Mason's defense strategies was to argue that the police lied when applying for the search warrant, and Mason's attorney questioned Detective Terrell about the informant's tips. The State does not contend that Mason waived his hearsay argument by this cross-examination. In any event, our view is the same expressed by the Seventh Circuit: "The defense pursued these inquiries only after its repeated objections to Ter-

rell's testimony about the substance of the tip were overruled. At that juncture, the informant's statements were already before the jury, and the defense arguably was doing no more than making the best out of a bad situation." *Mason v. Hanks,* 97 F.3d 887, 899 n. 4 (7th Cir.1996).

5. We have held that the fact that police received a tip is not hearsay when neither the informant's name nor the tip's content is revealed to the jury. *Head v. State,* 443 N.E.2d 44, 59 (Ind.1982). However, here the content of the tip was revealed.

unacceptable risk that the jury might have treated the informant's statements as evidence that Mason was dealing heroin. Several considerations bear on this conclusion. First, the hearsay directly implicated Mason in the more serious crime with which he was charged. *Cf. Richter v. State,* 598 N.E.2d 1060, 1064 (Ind.1992) (hearsay harmless where it concerned a collateral matter); *Duncan v. State,* 274 Ind. 457, 461, 412 N.E.2d 770, 773–74 (1980) (hearsay harmless where defendant not implicated in crime). Second, the facts asserted in the hearsay were not already in evidence. *Cf. Hunt v. State,* 455 N.E.2d 307, 316 (Ind.1983) (hearsay harmless where the facts asserted in the hearsay had already been established).

Third, while we have previously determined that the evidence was sufficient to support the conviction for dealing heroin, *Mason,* 532 N.E.2d 1169, the evidence of Mason's guilt on this charge was not overwhelming. *Cf. Torres,* 442 N.E.2d at 1024 (hearsay may be harmless where there is ample other legitimate evidence of the facts asserted in the hearsay). Here, Mason's defense was that he was a heroin user, not a dealer. The evidence of dealing, as compared with evidence of possession, was largely circumstantial. This evidence consisted of Detective Terrell opining that the three to five day supply of heroin they found in Mason's sock was more consistent with the amount to be found on a dealer rather than a user, and Detective Terrell's testimony that he observed no track marks or other indicia of heroin use on Mason.

Finally, while we cannot know whether the jury considered the hearsay for the truth, we do know that the State thought it important enough to repeat the informant's statements in closing argument. Thus, any cautionary value in the deputy prosecutor's earlier remark that the statements were not offered for their truth evaporated when he more than once referred to the informant's statements.

Considering all of the above, we conclude that admission of the informant's tips prejudiced Mason's substantial rights, and we reverse his conviction for dealing in heroin.

■ This result would be the same under the Indiana Rules of Evidence. In *Craig*

*v. State,* 630 N.E.2d 207, 211 (Ind.1994), we described a three-step inquiry to determine whether to admit the out-of-court statements. First, the court is to consider whether the challenged hearsay statement asserts a fact susceptible of being true or false. Next, the court considers the evidentiary purpose for the proffered statement. If the evidentiary purpose is to prove the fact asserted, and the statement is neither from a witness nor from a party as described in Ind.Evidence Rule 801(d) and none of the hearsay exceptions apply, the statement is hearsay and a timely objection should be sustained. Finally, if the proponent of the statement urges admission for a purpose other than to prove the truth, the court should consider whether the fact to be proved is relevant to some issue in the case, and whether the danger of unfair prejudice that may result from its admission outweighs its probative value.

The informant's out-of-court statement that Mason was dealing drugs is a fact susceptible of being true or false. Nothing suggests any recognized hearsay exception applies, and the statement is not from a witness or a party. The State contends it proffered the statement not for its truth, but to show the course of the police investigation. To the extent that this was relevant at all, it was not a contested matter at trial, and the bare fact that the State had received a tip from a confidential informant would have adequately accomplished any legitimate purpose in the State's presentation. The evidence's relatively low probative value on this tangential issue, weighed against the risk that the jury considered the informant's statements as proof of Mason's heroin dealing, compels us to conclude that, regardless of whether the appeal is analyzed under Evid.R. 801 or the common law which existed prior to adoption of the rules, reversible error occurred.

## II

Having reversed Mason's conviction for dealing in heroin, we consider whether the State may prosecute Mason a second time for the same offense.

■ The Double Jeopardy Clause provides that no person will "be subject for the

same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This prohibition applies to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The clause protects people from, among other things, a second prosecution for the same offense after a conviction. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). However, this prohibition does not bar retrial when a conviction is reversed for trial court error in the reception of evidence because the improper admission of evidence implies nothing about a defendant's guilt or innocence. *Warner v. State,* 579 N.E.2d 1307, 1311 (1991) (citing *Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978)).

Here, we reverse Mason's conviction for the improper admission of the confidential informant's tips. Accordingly, retrying him does not violate the bar against double jeopardy.

### Conclusion

Mason's conviction for dealing in a narcotic is reversed. Neither side raised any issue with regard to the earlier-vacated conviction on the lesser included offense of narcotic possession. We remand this cause to the trial court with instructions to vacate Mason's conviction and sentence for dealing in heroin and for all other appropriate proceedings.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.