Sean D. GATES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–9802–CR–65.

Supreme Court of Indiana.

Dec. 14, 1998.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

James F. Stanton, Crown Point, for Appellant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A Lake County jury found appellant Sean D. Gates guilty of murder, and the trial court sentenced him to sixty-five years in prison. We affirm.

On October 16, 1997, Isaac and Tracy Morris were driving along Burr Street in Gary when a grey Chevrolet passed them. As the Chevrolet reached the intersection of 19th Street, Gates and an accomplice stepped into the street and began firing at the driver, Dante Warren. Warren's car veered into a traffic light and came to a stop, its driver dead from a bullet to the back of the head.

The Morrises stopped in hopes of rendering assistance, and Gates' accomplice began firing at them before running off. About this time, the victim's uncle, Michael Shell, drove by the scene. He recognized his nephew's car and stopped. After talking to the Morrises, he departed to find the victim's father, Jeffrey Warren.

By the time they returned, the police and an ambulance had arrived and a small crowd gathered, including the two perpetrators. The Morrises identified the killers to Shell, Warren, and the police. Warren approached the two and said, "Are you the [people] who killed my son?" (R. at 140, 154–55.) Gates and his accomplice ran off, Gates saying, "We didn't know it was your son." (R. at 140.)

The Morrises testified at trial, identified Gates as the killer, and described the statements they made at the scene of the crime. Shell and Warren also testified. As the prosecution inquired about what they learned from the Morrises at the scene, defense counsel objected on grounds that such statements would be hearsay. The trial court initially sustained these objections, but evidence of the Morrises' statements eventually came in without objection.

■■■ Gates now claims that it was error to permit Shell and Warren to tell what the Morrises said. Because Gates did not object to these statements, he has not preserved the issue for appeal. He claims it was fundamental error. It was not.

■■■ Gates also claims that he received ineffective assistance of counsel because his lawyer initially objected, successfully, and then stopped doing so. To prevail on this claim, Gates must demonstrate that his lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■■■ When Shell and Warren recited what the Morrises told them at the scene, they were not offering hearsay testimony. Under Indiana Evidence Rule 801(d)(1)(C), statements are not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person made shortly after perceiving the person. . . ." Because the Morrises testified at trial about their identification of Gates at the scene of the crime, other witnesses were free to repeat their statements. Gates' lawyer achieved more for him in this regard than should have been expected. He objected successfully to some of the statements. It was hardly ineffective assistance to let the rest come in, as they were plainly admissible.

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.