Reginald ANDERSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 84S00–9808–CR–433.

Supreme Court of Indiana.

Nov. 9, 1999.

Susan K. Carpenter, Public Defender of. Indiana, David P. Freund, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Reginald Anderson was convicted of the murder of Michael Lathrop and sentenced to sixty-five years imprisonment. His sole contention in this appeal is that the trial court erred by admitting hearsay. We affirm the trial court.

### Factual and Procedural Background

Lathrop was a confidential informant for the Indiana State Police. In October of 1996, Lathrop purchased crack cocaine from Joe Harris and Anderson in a controlled buy in a motel in Hammond, and as a result Harris and Anderson were both arrested and charged with Class A felony counts of dealing in cocaine.

Lathrop shared a home in Terre Haute with Robert Hale. Several months after the Hammond arrest, Lathrop and Hale received reports that unknown people were in Terre Haute looking for Lathrop. On May 19, 1997, Lathrop and Hale were at home when Paul Stevens stopped by. Lathrop and Stevens went to purchase cigarettes, while Hale feel asleep on the sofa. Hale awoke about fifteen minutes later when Stevens ran into the house and reported that someone claiming to be a state police officer was outside. Hale went to the window where he observed Lathrop speaking with Anderson. After Lathrop and Anderson spoke for twenty to forty minutes, Lathrop left in a Chevrolet Celebrity driven by Anderson. Fifteen minutes later, a neighbor with a scanner told Hale that someone had just been killed down the street. Hale and Stevens went to the scene where they found Lathrop lying dead in the street.

Witnesses at the scene of the shooting gave police descriptions of the shooter, and two witnesses also provided the license plate of the Chevrolet Celebrity that had fled the scene. The vehicle had been stolen that morning and was soon located in a parking lot in Terre Haute. Police vacuumed the interior of the car for evidence and collected two hairs that were submitted to the F.B.I. for analysis. The analysis excluded the owner of the vehicle and Lathrop as the source of hairs but did not exclude Anderson. The hairs were also sent to a private laboratory for mitochondrial DNA analysis. That testing also excluded the owner of the vehicle and Lathrop as contributors of the hairs, but did not exclude Anderson.

Anderson[1] was convicted by a jury of murder and the trial court sentenced him to sixty-five years imprisonment.

**1.** The information charged "Raymond L. Lewis" with murder but was amended without objection at sentencing to read "Reginald Anderson, a/k/a Raymond L. Lewis." The defendant stated at sentencing that his true name was Reginald Anderson.

## Admission of Hearsay

■ Anderson contends that the trial court erroneously admitted hearsay during the State's direct examination of Robert Hale. Hale testified that he was awakened when Lathrop returned home with Stevens from purchasing cigarettes. Hale recounted: "I woke up to [Stevens] running back in the door saying there's someone out—," when Anderson interposed a hearsay objection. Before the State could finish its response to the objection, the trial court overruled it. Hale continued, reporting that Stevens told him "that there was someone outside claiming to be a State Police officer wanting to talk to [Lathrop]." Hale said that he was concerned by this because of the reports that someone had been in town looking for Lathrop the previous week. When asked to explain, Hale testified that he and Lathrop had seen Henrietta Stevens the previous week and "pulled up to her and she said that—," to which Anderson again objected on the basis of hearsay. The State responded that the statement was not "offered for the truth of the matter asserted and if a limiting instruction's appropriate for that, that's fine but I think it's important to show why [Hale's] concern was that somebody was outside which led to his subsequent actions." The trial court overruled the objection, allowing the testimony "for that limited purpose only." Hale then testified that Henrietta Stevens had told him and Lathrop that there were "people in a white Cadillac with Illinois plates here [in Terre Haute] . . . asking if she knew where [Lathrop] was."[2]

■ Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). A

**2.** Anderson also contends that the trial court erroneously admitted hearsay statements that Lathrop made to Hale. However, because Anderson did not object to this testimony at trial, he has not preserved the issue for appeal. *See Gates v. State*, 702 N.E.2d 1076, 1077 (Ind.1998).

statement is not hearsay if offered for another purpose. *Bufkin v. State,* 700 N.E.2d 1147, 1150 (Ind.1998) (citing *Grund v. State,* 671 N.E.2d 411, 415 (Ind.1996)).

The State asserts, as it did at trial, that this testimony was not offered for the truth of the matter asserted. Rather, it was offered to explain Hale's concern at the arrival of a stranger at the door, and justified his monitoring the conversation between Anderson and Lathrop through the window. We agree with this analysis. It did not matter whether the person at the door was actually an Indiana State Police officer or whether someone in a white Cadillac with Illinois plates had in fact been in Terre Haute looking for Lathrop. Rather, the fact that these statements were made and Hale claimed to accept them, whether they were true or not, was relevant to explain why Hale was concerned about Lathrop and therefore went to the window to observe the person with whom he was speaking. The statements also explain why, after hearing that someone had been shot, Hale went to the scene where he found Lathrop lying dead in the street. Because the out-of-court statements were not offered for their truth, they were not inadmissible on the basis of hearsay.

 Nonetheless, Anderson correctly points out that the non-hearsay purpose of these statements must be relevant and that their probative value cannot be substantially outweighed by the danger of unfair prejudice. *See Mason v. State,* 689 N.E.2d 1233, 1237 (Ind.1997); Evid. R. 401 & 403. The standard for relevant evidence is a liberal one under Rule 401 and we review a trial court's ruling as to relevance for an abuse of discretion. *Willsey v. State,* 698 N.E.2d 784, 793 (Ind.1998). Moreover, trial courts are given wide latitude in weighing probative value against the danger of unfair prejudice, and we also review that determination for an abuse of discretion. *Ingram v. State,* 715 N.E.2d 405, 408 (Ind.1999).

Anderson contends that

[t]he only relevance and materiality of Hale's testimony was that he looked out the window, saw Lathrop talking with an African–American male, who he claimed was Anderson, and that Lathrop left with Anderson. Why he looked out or whether he was concerned is of no consequence whatsoever to prove any of these points.

We disagree. If Hale had not heard that people had been in town looking for Lathrop or that the person at the door purported to be a police officer, his testimony that he looked out the window and remained to observe Lathrop talking to and then leaving with Anderson would be less credible. Moreover, this testimony presented no danger of unfair prejudice. The trial court admitted the latter statement for the "limited purpose" of showing why Hale was concerned that somebody was outside which led him to go to the window. In addition, the jury had already heard testimony from Tosha Towles, Lathrop's cousin who sold drugs, that she had heard on the streets that there was a contract out on Lathrop's life. Although Anderson suggests that Towles' testimony was "dubious and seriously-lacking-in credibility," the jury also heard testimony from Indiana State Police officers about Lathrop's role as a confidential informant in Hammond, which resulted in charges being filed against Anderson. Because the probative value of Hale's testimony as to these statements was not substantially outweighed by the danger of unfair prejudice, the trial court did not abuse its discretion by admitting this testimony.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.