Talmadge PATTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9908–CR–523.

Court of Appeals of Indiana.

March 15, 2000.

Kevin C.C. Wild, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Defendant–Appellant Talmadge Patton (Patton) appeals his conviction of burglary, a Class C felony, Ind.Code § 35–43–2–1.

We affirm.

Patton presents one issue for our review which we restate as: whether the trial court erred by admitting certain statements into evidence.

In March 1998, Patton entered a closed convenience store and began to push boxes containing cartons of cigarettes through a hole in the wall that was hidden behind the building's siding. Police officers directed Patton to come outside and then apprehended him. Patton was convicted of burglary, and he now appeals that conviction.

Patton contends that the trial court erred by admitting into evidence children's statements to the police regarding Patton's whereabouts. Specifically, Patton asserts that the statements are inadmissible hearsay that amount to assertions of his guilt. Additionally, he claims that even if the statements did not constitute hearsay, the court erred by admitting them because their prejudicial impact outweighs their probative value.

The admission or exclusion of evidence is a matter left to the sound discretion of the trial court, and a reviewing court will reverse only upon an abuse of that discretion. *Johnson v. State*, 671 N.E.2d 1203, 1205 (Ind.Ct.App.1996),

*trans. denied,* 683 N.E.2d 578 (1997). Ind. Evidence Rule 801(c) provides us with the definition of hearsay as an out-of-court statement offered in court to prove the truth of the matter asserted in the statement. Hearsay evidence is inadmissible pursuant to Ind. Evidence Rule 802, unless it fits within a few well-delineated exceptions. However, out-of court statements that are offered for a purpose other than to prove the truth of the matter stated are not hearsay.

In the present case, the officer testified as follows:

Q [Prosecutor]: At that point did you find any sign of [a] break-in?

A [Police officer]: Nothing.

Q: Okay, so, what did you do?

A: We started to walk back to our squad cars and the children continued to tell me no, he's inside that building. He went in –

[Defense Attorney]: Objection

The Court: Overruled

A: He went in back here and they took me to the back corner of the building looking back from where I had just driven through. Continuing to say he's in there, pointing at the rear of the building.

(R. 215–16). It did not matter whether there was actually someone inside the convenience store. Rather the fact that these statements were made and the officer accepted them, whether they were true or not, was relevant to explain why the officer did not leave the premises after he could find neither signs of entry nor a possible suspect. The officer's testimony was not offered to prove the truth of the matter asserted, but was offered to explain the sequence of events in his investigation of the alleged burglary of the convenience store. "Out-of-court statements introduced primarily to explain why a particular course of action was taken during a criminal investigation are not offered for the truth of the matter asserted and are not hearsay statements." *Clark v. State,*

648 N.E.2d 1187, 1192 (Ind.Ct.App.1995), *trans. denied.* The officer merely used the children's statements to assist him in his investigation. Therefore, because the statements were not offered for the truth of the matter asserted, they did not constitute hearsay and were not inadmissible on that basis.

Nonetheless, the non-hearsay purpose of these statements must be relevant and their probative value must not be substantially outweighed by their prejudicial impact. *Anderson v. State,* 718 N.E.2d 1101, 1103 (Ind.1999); Ind. Evidence Rules 401 and 403. Evid. R. 401 provides a liberal standard for determining whether evidence is relevant, and we review a trial court's ruling on relevance for an abuse of discretion. *Id.* "Moreover, trial courts are given wide latitude in weighing probative value against the danger of unfair prejudice, and we also review that determination for an abuse of discretion." *Id.*

The children's statements were relevant to explain why the officer changed his course of action from approaching his squad car to leave the premises and end the investigation to walking to the back of the convenience store to continue investigating. Further, this testimony presented no danger of unfair prejudice. According to the officer, the children simply indicated that a male person ("he") was in the convenience store. The children's statements provided no specific information as to who was in the store or what they were doing there. Certainly, this information would not provide the jury with a basis for making inferences that the children had knowledge that it was Patton, specifically, who committed the offense and that therefore he was guilty as charged. In addition, the jury heard testimony from the officers that they found Patton in the convenience store and saw him pushing boxes of cigarettes out of the hole in the siding. Moreover, upon apprehending Patton, the officers searched the store and found no one else inside. The probative value of the officer's testimony as to the children's statements

was not substantially outweighed by the danger of unfair prejudice. The trial court did not abuse its discretion by admitting this testimony.

Based upon the foregoing, we conclude that the trial court did not err by admitting the officer's testimony regarding the children's statements. The statements were not hearsay but instead were explanation for the manner in which the investigation was conducted, and their prejudicial impact did not outweigh their probative value.

Affirmed.

BROOK, J., and MATTINGLY, J., concur.