## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2018, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Holder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 30, 2018

Court of Appeals Case No.
18A-CR-863

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
49G02-1708-F3-32259

**Baker, Judge.**

James Holder appeals his conviction for Level 5 Felony Carrying a Handgun Without a License,[1] arguing that (1) the trial court erred when it admitted evidence of Holder's prior criminal conviction; and (2) the trial court erred when it merged, rather than vacated, a lesser included offense for which it entered a judgment of conviction. Finding no error in the admission of evidence but error in the merger of convictions, we affirm in part and remand in part with instructions.

# Facts

In August 2017, Holder and Katherine Waltz were living together. On August 29, 2017, Holder picked up Waltz at her workplace and moved to the passenger seat so that Waltz could drive. Soon after, Waltz noticed that Holder had a gun on his lap. He alternated between pointing the gun at her head and her stomach. The couple's three-year-old daughter sat in the backseat and played on Holder's cell phone this entire time.

Holder ordered Waltz to drive to Holder's sister's home. Once they arrived, Holder retrieved the cell phone from their daughter and let her play with Holder's nieces and nephews. Holder, still carrying the gun, then went to the backyard. Waltz recognized someone she knew driving by and asked him to call 911.

---

[1] Ind. Code § 35-47-2-1(e)(2)(A).

[4] Indianapolis Metropolitan Police Department (IMPD) Officer Danielle Lewis was dispatched to the residence, where Waltz informed her that Holder was armed. Soon after, Officer Ha'le Rapier arrived to help Officer Lewis. Both officers went to the backyard with their guns drawn. They found Holder and ordered him to get to the ground with his hands up. The officers handcuffed Holder and patted him down but did not find a firearm. Officer Kolin Kinder arrived at the scene and began to search for the missing firearm. He noticed a trash can close by with its lid slightly ajar. He also noticed that Holder watched him "intently" as he approached the trash can. Tr. Vol. III p. 108. Inside, Officer Kinder found the firearm.

[5] Officer Matthew Minnis arrived at the scene and read Holder his *Miranda*[2] rights. Holder informed police that he recognized the firearm because a child had previously handed it to him, and after holding it, he had passed the gun to someone else. Later DNA testing revealed that two individuals had touched the gun, but the police could not determine their identities.

[6] On August 31, 2017, the State charged Holder with Count I, Level 3 felony criminal confinement; Count II, Level 5 felony intimidation; Count III (in two parts), Class A misdemeanor carrying a handgun without a license and Level 5

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

felony carrying a handgun without a license;[3] Count IV, Level 6 felony pointing a firearm; and Count V, Class A misdemeanor unlawful possession of a firearm by a person previously convicted of domestic battery.

[7] A bifurcated jury trial began on February 22, 2018. During the first stage of the trial, the State sought to introduce evidence of Holder's 2008 conviction for carrying a handgun without a license as well as evidence of his prior domestic battery conviction. Holder objected, claiming that the prejudicial effect of this evidence outweighed its probative value and that it violated Indiana Rule of Evidence 404(b). After hearing arguments from both sides, the trial court allowed the State to introduce evidence only of the 2008 carrying a handgun without a license conviction because Holder had "opened the door" when he testified that he was "scared" of guns. *Id* at 227.

[8] At the close of the first stage of trial, the jury found Holder guilty of part one of Count III, and not guilty of Counts I, II, and IV. At the second stage of the trial, the State presented evidence on part two of Count III and Count V. The jury found Holder guilty on both counts.

[9] At the sentencing hearing on March 21, 2018, the trial court merged Holder's convictions for part one of Count III and Count V into part two of Count III. The trial court sentenced Holder to four years' incarceration with two years to

---

[3] The State charged Holder under two parts of the same criminal statute for carrying a firearm without a license because part two, the Level 5 felony, increases the penalty for someone who "has a prior conviction of any offense under this section." Holder was previously convicted under this statute in 2008.

be served at the Department of Correction, one year to be served on in-home detention, and one year suspended to probation. Holder now appeals.

# Discussion and Decision

Holder makes two arguments on appeal: (1) the trial court erred when it admitted evidence of Holder's prior criminal conviction; and (2) the trial court erred when it merged, rather than vacated, two lesser included offenses for which it entered a judgment of conviction.

First, Holder argues that the trial court improperly admitted, over Holder's objection, evidence of his 2008 conviction for carrying a handgun without a license in the first stage of his trial. We will reverse a trial court's ruling on the admission of evidence only if the decision is clearly against the logic and effect of the facts and circumstances before it. *Smith v. State*, 754 N.E.2d 502, 504 (Ind. 2001).

Specifically, Holder claims that the trial court's admission of this evidence was erroneous for two reasons. First, he argues that the introduction of a prior crime or bad act violates Indiana Rule of Evidence 404(b). And second, pursuant to Indiana Rule of Evidence 403, the prejudicial effect of evidence of a prior criminal conviction, the same crime for which Holder was on trial, outweighs its probative value.

First, Indiana Rule 404(b) prohibits the introduction of evidence of a prior crime or bad act out of fear that the evidence will be used "to prove a person's

character in order to show on a particular occasion the person acted in accordance with that character." The State argues that while evidence of Holder's prior criminal conviction would ordinarily be inadmissible, Holder opened the door to this type of evidence by testifying that he was "scared of guns." Tr. Vol. III p. 240. A party "opens the door" to otherwise inadmissible evidence when that party leaves the trier of fact with a false or misleading impression of the facts stated. *Ortiz v. State*, 741 N.E.2d 1203, 1208 (Ind. 2001). In this case, Holder claims that he did not create a false or misleading impression in the minds of the jurors because his comment about being scared of guns was only in reference to him being scared of Officers Lewis and Rapier directly pointing their guns at him. Appellant's Br. p. 11. We find Holder's argument unavailing.

[14] The trial court specifically addressed this issue, stating that "[the jury] will be left with your unquestioned testimony that you're scared of guns . . . . And when you decided to add that statement . . . 'I'm scared of guns,' you opened the door to that." Tr. Vol. III p. 226. We find no fault with the trial court's conclusion. While Holder did say that he was scared at the specific moment he saw the officers pointing their guns at him, he also independently affirmed that he was scared of guns in response to the question, "So, you're scared of guns?" *Id*. at 240. This admission could have misled the jury into thinking that, due to this fear, Holder could not have possibly possessed a gun at any point during the day of the incident. Moreover, the introduction of his prior criminal conviction of possessing a gun without a license directly contradicts any of

Holder's misleading testimony that as a general rule, he is scared of guns. Therefore, the admission of this evidence did not violate Indiana Rule of Evidence 404(b).

[15] Second, Indiana Rule of Evidence 403 states that a trial court may exclude otherwise relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice." It is apparent that the trial court was concerned about the danger of unfair prejudice by admitting evidence of the prior criminal conviction. *Id*. at 226-27. However, the trial court took this concern into consideration by requiring the State to offer its reasons for why the evidence should be admitted; the trial court then reached a sound decision under the circumstances. The trial court denied the admission of evidence of Holder's prior criminal conviction for domestic battery, demonstrating that it was cognizant of the potential for prejudice. In this instance, we cannot say that the trial court's decision was clearly against the facts and the circumstances before it.

[16] Moreover, if the trial court's ruling on admission was erroneous, at most, it was harmless error. The improper admission of evidence is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying us that there is no substantial likelihood the challenged evidence contributed to the conviction. *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011).

[17] Here, there is substantial, independent evidence showing that Holder was guilty of carrying a handgun without a license. Waltz's testimony—corroborated in

matching detail by Officer Kinder's testimony—shows that throughout the evening of the incident, Holder had a gun. Further, Holder flatly admitted that he did not have a license to possess a gun, and Officer Kinder testified that Holder was "staring intently" at her when she went to inspect the trash can where the gun was found. Tr. Vol. III p. 108. Moreover, Holder provided two inconsistent versions of what happened with him and the gun, both of which still affirm that he possessed the gun, used it against Waltz while they were driving in the car, and somehow disposed of it shortly thereafter. It is more than reasonable to conclude that the jury's conviction was supported by substantial independent evidence of guilt and that evidence of his conviction did not directly contribute to the jury's decision. Therefore, the trial court's decision to admit evidence of Holder's past criminal conviction was harmless error at most.

[18] Finally, Holder also argues that the trial court erred when it merged, rather than vacated, two lesser included offenses. We review questions of double jeopardy and merger de novo, giving no consideration to the trial court's decision below. *Goldsberry v. State*, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005).

[19] The trial court merged Count V and part one of Count III into part two of Count III. The State concedes that this was improper. *See Mason v. State*, 532 N.E.2d 1169, 1172 (Ind. 1989) (holding that the correct procedure for a trial court that violates double jeopardy is to "vacate the conviction for the lesser included offense and enter a judgment of conviction and sentence only upon the greater offense"). We agree. The trial court should have simply vacated those convictions and entered a judgment of conviction only for part two of Count

III, the Level 5 felony. Therefore, we remand to the trial court with instructions to vacate the convictions on Count V and part one of Count III.

[20] The judgment of the trial court is affirmed in part and remanded in part with instructions.

May, J., and Robb, J., concur.