## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kamion D. Melton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 25, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1142<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable David D. Kiely,<br>Judge<br><br>The Honorable Michael J. Cox,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1712-F5-7800 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Kamion Melton appeals his Level 5 felony conviction of carrying a handgun without a license.[1] We affirm.

# Issue

Melton presents one issue for our review, which we restate as: whether the trial court erred by admitting certain video evidence.

# Facts and Procedural History

In the late afternoon of December 18, 2017, an Evansville police officer observed a vehicle traveling without its headlights on and failing to signal a turn. The officer stopped the vehicle, approached, and asked for identification from the three occupants. When he did so, he detected an odor of marijuana coming from the vehicle.

Melton was the front passenger in the vehicle, and the officer noticed him reaching underneath his seat. The officer asked Melton not to reach under his seat, but Melton continued to do so four or five more times. The officer called for back-up, and, when the back-up arrived, the officers removed and secured the occupants of the car. The officer then searched the car and found a loaded

---

[1] Ind. Code § 35-47-2-1 (2017).

handgun underneath the front passenger seat. While speaking to police, Melton denied the handgun was his.

[5] Later that evening, a detective heard Melton mention Snapchat while the police were interviewing him. The detective located Melton's account on Snapchat and watched his Snapchat story, which contained a video of him displaying a handgun. As the detective watched, she also recorded the story with her phone. The detective then informed the officers working on the case about the video and described the handle of the gun in the video, which matched the description of the gun seized in the search of the car.

[6] Prior to the start of trial, the court granted Melton's motion in limine as to the Snapchat video. Later that morning and out of the presence of the jury, the court heard argument from the parties and allowed the State to make an offer of proof as to the admissibility of the video. The State described to the court that in the video Melton is singing to rap music as he pulls up his shirt to display a handgun in his waistband. The State alleged the handgun in the video is the same handgun that was seized as a result of the search of the car and which had already been admitted into evidence as State's Exhibit 1. The State further explained that it intended to recall the arresting officer in order for him to testify that Melton was wearing the same clothes in the video that he was wearing when the officer stopped the car. The State then played the Snapchat video for the court.

[7] After further argument, the State made its offer of proof by means of the detective's testimony. The detective testified that on Melton's Snapchat story a video showed him "listening to music and he pulled up his shirt . . . and was showing a butt of a gun . . . ." Tr. Vol. II, p. 218. On cross examination she agreed that, within the Snapchat app, a video can be taken and uploaded to the user's Snapchat story where it remains and can be viewed for 24 hours. The detective was also questioned about uploading to Snapchat videos that are taken with the camera on the user's phone (i.e., videos not recorded within the Snapchat app). She indicated she personally could no longer perform that action, and she was not able to confirm whether that was simply an issue with her device or whether the action was no longer permitted in the Snapchat app. She also could not confirm whether the action was permitted in December 2017. When questioned as to the two hour time stamp on the video, the detective testified that, because a user can add pictures and/or videos to the story throughout the 24 hour period, she was not sure whether the time stamp indicated the time that had passed since that particular video had been posted to the story or the time that had passed since the last addition was posted to the story.

[8] The court stated it had reviewed the video and found it to be relevant, and it would allow the detective's testimony concerning the video and the admission and publication of the video. The court further stated that Melton could then make an argument to the jury about whether the video was recorded the day of the incident or at some other time. It also noted its observation of the similarity

between the handle of the gun that was in Melton's waistband in the video and the handle of State's Exhibit 1 and concluded that the handles are "reasonably or very similar." *Id.* at 229. In addition, as to the video, the court determined that "the prejudicial value is outweighed by the probative value." *Id.*

The jury found Melton guilty as charged. The court merged the two counts and sentenced Melton to four years and 182 days. He now appeals his conviction.

# Discussion and Decision

Melton contends the trial court erred by admitting into evidence the Snapchat video. The trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion. *Cherry v. State*, 57 N.E.3d 867, 875 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012).

Melton's main claim is that the Snapchat video should have been excluded pursuant to Evidence Rule 404 because it is improper character and misconduct evidence.

## 1. Character Evidence

Evidence Rule 404(a) prohibits the use of evidence of a defendant's character or character trait to prove that on a particular occasion the defendant acted in accordance with that character or trait. Melton claims the video was

improperly used to portray him as a violent person who habitually carried a weapon.

[13]     Contrary to Melton's claim, the video was not offered as evidence of his poor character; rather, the video was offered as evidence of his possession of the handgun seized from the car. When questioned by police, Melton denied that the handgun was his, but the video tended to prove that he had possessed a handgun earlier in the same day and that it was the same handgun that was found underneath his seat in the car. Accordingly, the trial court's admission of the video was not an improper admission of character evidence under Rule 404(a).

## 2. Other Crimes, Wrongs, or Acts

[14]     Evidence Rule 404(b) prohibits the use of evidence of the defendant's other crimes, wrongs, or acts in order to prove present action in conformity therewith. The evidence may, however, be admissible for other purposes such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* This list is illustrative, not exhaustive. *Shoultz v. State*, 995 N.E.2d 647, 655 (Ind. Ct. App. 2013), *trans. denied*. Rule 404(b) is designed to prevent the jury from assessing a defendant's present guilt on the basis of past bad acts—the "forbidden inference." *Erickson v. State*, 72 N.E.3d 965, 973-74 (Ind. Ct. App. 2017), *trans. denied*.

[15]     In assessing the admissibility of 404(b) evidence, the court must (1) determine whether the evidence is relevant to a matter at issue other than the defendant's

propensity to commit the charged act, and, if so, (2) balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403.[2] *Id.* at 974. The effect, then, of Rule 404(b) is that evidence is excluded only when it is introduced to prove the forbidden inference of demonstrating the defendant's propensity to commit the charged crime. *Jackson v. State*, 105 N.E.3d 1142, 1146 (Ind. Ct. App. 2018), *trans. denied*.

### *a. Relevance*

[16] Melton argues that the Snapchat video should not have been admitted into evidence because it is not relevant. Relevant evidence is evidence having any tendency to make a fact, that is of consequence in determining the action, more or less probable than it would be without the evidence. Ind. Evidence Rule 401. Generally speaking, all "[r]elevant evidence is admissible." Evid. R. 402. The standard set forth in Rule 401 is a liberal one, and the trial court's ruling on relevance is reviewed for an abuse of discretion. *Patton v. State*, 725 N.E.2d 462, 464 (Ind. Ct. App. 2000). "Even if proffered evidence or testimony is only marginally relevant, it is within the sound discretion of the trial court to admit." *Smith v. State*, 730 N.E.2d 705, 708 (Ind. 2000).

[17] The discovery of the handgun underneath Melton's seat in the car brought about the charge of carrying a handgun without a license. With regard to that

---

[2] Melton raised the relevancy of the video and its prejudicial effect as separate arguments in his brief to this Court. Because these issues are addressed within the context of the Rule 404(b) analysis, we do not separately address them.

charge, Melton denied possession of the gun. The video tends to demonstrate Melton's knowing and intentional possession of a handgun that appears to be the same gun found in the car later the same day. The video was clearly relevant and, therefore, admissible generally under Rules 401 and 402. Furthermore, the video clears the relevancy hurdle under 404(b) because it is relevant to Melton's possession of the gun—a matter other than Melton's propensity to commit the present offense.

### b. Probative Value v. Prejudicial Effect

Although relevant, evidence may be excluded if its probative value is substantially outweighed by its prejudicial impact. *See* Evid. R. 403. "Evaluation of whether the probative value of an evidentiary matter is substantially outweighed by the danger of unfair prejudice is a discretionary task best performed by the trial court." *Bryant v. State*, 984 N.E.2d 240, 249 (Ind. Ct. App. 2013), *trans. denied*. When determining any unfair prejudicial impact, courts should look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury. *Duvall v. State*, 978 N.E.2d 417, 428 (Ind. Ct. App. 2012), *trans. denied*.

Melton incorrectly claims the video has "no probative value" because there is "no evidence from which to reasonably infer" either that the gun in the video is the same gun found in the car or that the video was "made at or around the time of the traffic stop." Appellant's Br. pp. 15-16. On behalf of the State at the hearing outside the presence of the jury, the detective testified to the similarity

of the handgun in the video to the handgun seized during the search of the car, to the procedure of making and posting Snapchat videos, and to the fact that videos on a Snapchat story remain for only 24 hours. In addition, the State informed the court that the arresting officer would testify to the fact that Melton was wearing the same clothes in the video that he was wearing when he was arrested. That the detective could not say unequivocally when the video was taken does not completely diminish the probative value of the video.

At the conclusion of the hearing, the court noted it had viewed the video and had observed the similarity between the handgun shown in the video and State's Exhibit 1 (the seized handgun). The court determined that the probative value of the video outweighed its prejudicial effect and stated that Melton could argue the timing of the video to the jury. Thus, although we acknowledge that all relevant evidence is inherently prejudicial to a defendant in a criminal case, *Erickson*, 72 N.E.3d at 974, we cannot say the probative value of the video was substantially outweighed by any prejudice to Melton. Consequently, we find the trial court did not abuse its discretion in admitting the video at trial.

### 3. Harmless Error

Even if the trial court committed error in admitting the video, that error was harmless. Error in the admission of evidence will prevail on appeal only if it affects the substantial rights of a party. *Carter v. State*, 31 N.E.3d 17, 28 (Ind. Ct. App. 2015), *trans. denied*. To determine whether a party's substantial rights have been affected, we consider the probable impact of the evidence on the fact

finder. *Remy v. State*, 17 N.E.3d 396, 401 (Ind. Ct. App. 2014), *trans. denied*. The improper admission of evidence is harmless error "'if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction.'" *Id.* at 401 (quoting *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012)).

[22] Beyond the Snapchat video, the State's evidence consisted of the arresting officer's testimony that Melton continued to reach under the seat of the car even after he was asked not to. During his search of the car, the officer found the loaded handgun under the front passenger seat where Melton had been sitting. The officer also testified that the front passenger seat was so low and close to the floorboard that he could not get his hand underneath it, and he answered in the negative when specifically asked whether it would have been possible for the rear passenger to have placed the handgun where he found it. Additionally, State's Exhibit 6, which is a recording of a jail telephone call between Melton and an unidentified female, was admitted at trial. In the phone conversation, Melton states, "It's looking bad because they got . . . snapchat video of me and sh*t. . . . I got caught with a gun." Tr. Vol. III, p. 22. This is ample evidence to support a reasonable factfinder's conclusion that Melton was in possession of the handgun. *See Bradshaw v. State*, 818 N.E.2d 59, 63 (Ind. Ct. App. 2004) (concluding defendant was in possession of handgun where handgun seized from vehicle was located directly beneath seat defendant occupied, handgun faced front of vehicle and gun was easily accessible to defendant, and defendant

engaged in furtive movements by reaching under seat).  Thus, we are satisfied that there is no substantial likelihood the video materially influenced the verdict in view of the evidence supporting Melton's conviction.

## Conclusion

[23] We therefore conclude the trial court did not err by admitting into evidence the Snapchat video.

[24] Affirmed.


Brown, J., and Altice, J., concur.